CASE 91—PETITION EQUITY—FEBRUARY 16.

# Alexander's Guardian v. Alexander's Administrator, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

THE PERSONAL PROPERTY OF AN INTESTATE SET APART BY THE STATUTE AS EXEMPT FROM DISTRIBUTION is for the exclusive benefit of the widow where there are no infant children of the intestate residing with her. Infant children of the intestate not residing with the widow are not entitled to any part of the property thus set apart or to any interest therein, although they be the children by a former marriage and have no natural mother.

O'NEAL, JACKSON & PHELPS FOR APPELLANT.

The widow is entitled to the personal estate of the decedent which is exempt from distribution. It was, therefore, error to divide the fund in controversy between the widow and the infant child of the decedent. (General Statutes, chapter 31, section 11; Miller v. Miller, 6 Ky. Law Rep., 788; Burgett v. Clark, 4 Ky. Law Rep., 518.)

C. B. SEYMOUR FOR APPELLEE.

The fund in controversy was properly divided between the widow and infant child of the decedent. It was never contemplated by the statute that the widow of a decedent, by refusing to allow his infant children to reside with her, could get the entire exemption for her own benefit. (General Statutes, chapter 31, section 11.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

Lucien Alexander died, leaving his widow and a child, five years old, by a former wife, surviving him. The child lived with its grand-parents or the kindred

of its father, and when the appraisers were called on to set apart the property exempt from distribution, the question arose as to the rights of the mother and her step-child in -this exempted estate.

The court below gave to the infant one-half, and of this the widow, who is also an infant, by her guardian complains.

The statute expressly provides that if there is an infant child or children and no mother surviving, the infants shall then be entitled, but where there is a widow surviving or mother, whether the natural or the step-mother, she is the beneficiary, being at the head of the household. This provision is made that she may maintain herself and the children (infants) residing with her. The statute also provides, that if there are no infant children the widow shall, nevertheless, be entitled to this exempted property, and again expressly provides, that "there shall not be any thing set apart for the support of infant children, *if there be none residing in the family of the widow.*" (General Statutes, chapter 31, section 11.) It is argued that as this was the step-mother, and no natural mother surviving, that the statute intended to give the children an interest, whether one-half or in equal proportions, is not stated. If this step-mother had no children residing with her, and her husband had left six children instead of one, then the step-mother would have received only one-seventh of the exempted property, and the provisions of the statute for the maintenance of the widow disregarded. It is said, however, that the step-mother is under no obligation to support the step-children, and therefore, this *pro rata* distribution

should be made. The statute has excluded the infant children not living with the widow, for the reason, doubtless, that they are, as is usual in such cases, supported by those with whom they live, and that to make a distribution of such a small sum between the widow and each child would result in no practical good.

If the construction placed on the statute below is proper, it would result that whenever an infant left the homestead it would be entitled to its *pro rata* share of the exemption. It would necessitate the appointment of a guardian to protect this interest, instead of placing it in the hands of the widow for the purposes contemplated by the statute.

The widow being entitled to this fund, the judgment is reversed, and remanded, with directions to enter such a judgment, and for proceedings consistent with this opinion.