ISIDORE GOTTLIEB, ADMINISTRATOR, PLAINTIFF IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, DEFENDANT IN ERROR.

Argued June 21, 1905—Decided March 12, 1906.

1. The husband of a deceased wife may, as her administrator, maintain an action under the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default, approved March third, one thousand eight hundred and forty-eight," against a person or corporation whose wrongful act, neglect or default has caused her death, to recover for the pecuniary loss resulting to the next of kin.

2. The husband is not next of kin of his wife within the meaning of the act of March 3d, 1848 (*Gen. Stat., p.* 1188), and is not entitled to share in the distribution of the fund recovered under that act.

3. The fund recovered under the act of March 3d, 1848, is no part of the estate of the deceased and the administrator receiving it, whether the husband of the deceased or a stranger, is a mere trustee for its distribution to the next of kin in 'the method pointed out by the statute.

4. When the trial judge states to the jury what elements may enter into the ascertainment of the damages, to the exclusion of all other elements and subject-matters, he is not required, even upon request, to enumerate and particularize certain of the elements and matters which are necessarily excluded from the consideration of the jury by the specific language or clear import of the charge as delivered.

On error to the Supreme Court. For opinion of Supreme Court, see 42 *Vroom* 47.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Chauncey G. Parker.*

The opinion of the court was delivered by

FORT, J. The plaintiff is the administrator of his deceased wife, Augusta Gottlieb, who died from injuries received in an accident while boarding a car of the defendant company. The deceased left her surviving Isidore Gottlieb, her husband, and Henry Gottlieb, a son.

Isidore Gottlieb, the husband, was appointed administrator of the deceased and instituted this action against the defendant under the act entitled "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default, approved March third, one thousand eight hundred and forty-eight." *Gen. Stat., p.* 1188. By the second section of this act it is provided "that every such action shall be brought by and in the name of the personal representative of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate."

Chief Justice Beasley, in *Haggerty* v. *Central Railroad Co.,* 2 *Vroom* (at *p.* 350), says of this statute: "Its object was to abolish the harsh and technical rule of the common law— *actio personalis moritur cum persona.* The rule had nothing but prescriptive authority to support it; it was a defect in the law, and this statute was designed to remove that defect. It is therefore entitled to receive the liberal construction which appertains to remedial statutes." Under this act it has been held that if the deceased leave no widow, suit may

be maintained for the next of kin. *Haggerty* v. *Central Railroad Co., Id.* 349.

Mr. Justice Depue, speaking for this court in Cooper *v.* Shore Electric Company, after referring with approval to the statement of Chief Justice Beasley above quoted, said: "If there be no widow or next of kin at the time of the death of the deceased, the pecuniary injury contemplated by the statute does not exist, and the action cannot be maintained. It is also clear that the pecuniary injury to be compensated for is that of the widow *or* persons who are next of kin at the time of the death of the deceased, *and that the cause of action enures to such persons as a vested right.*" *Cooper* v. *Shore Electric Co.,* 34 *Vroom* 558, 565.

In Grosso *v.* Delaware, Lackawanna and Western Railroad Company, Mr. Justice Magie, speaking of the act of March 3d, 1848, commonly known as the Death act, said: "An action was thereby given in favor of the widow, but not in favor of the husband, and the action was not limited to the children, but extended for the benefit of the next of kin." *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317.

The opinion of Mr. Justice Magie in the case last quoted has been expressly approved in this court. *Meyers* v. *Holborn,* 29 *Vroom* 193, 196.

In May *v.* West Jersey Railroad Company the Supreme Court sustained an action by a husband suing as administrator of his deceased wife for the benefit of the next of kin. It is true that in that case the opinion states "the liability for the accident and for damages, if any accrued to the next of kin, was conceded at the trial." *May* v. *West Jersey Railroad Co.,* 33 *Vroom* 63.

Applying the liberal construction to our statute that Chief Justice Beasley said, in *Haggerty* v. *Central Railroad Co., supra,* should be given to it, it is difficult to see how it is possible to give to its words any construction which will not include a married woman as one whose next of kin may have an action, through an administrator, for the pecuniary injury which they may have sustained by her death. The language

of the first section of the act of March 3d, 1848, is "that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable in an action for damages, notwithstanding the death of the person injured," &c.

This statute is not limited to any person or class of persons, but embraces every person whose death is caused by the wrongful act, neglect or default of another, if such person could have sustained an action if he or she had not met death, but only injury, through such wrongful act, neglect or default.

But it is contended, and this was the theory adopted in the court below, that the statute gives no right of action for the benefit of the husband, and yet, notwithstanding this fact, if he survives and administers and sues and recovers, he will take the fund recovered, as administrator of his deceased wife, and thus circumvent the statute.

It is true that the husband is not one of the next of kin of the deceased wife, and a suit would not therefore be for his benefit under this statute. *Grosso v. Delaware, Lackawanna and Western Railroad Co.,* 21 *Vroom* 317; *Watson v. St. Paul City Railroad Co.,* 70 *Minn.* 514; *Drala v. Gilmore,* 52 *N. Y.* 389.

By the common law rule, and under our statute it is equally true, if the wife die intestate the husband, if her administrator, takes all her personalty, after the payment of her debts; or, if another administer on her estate, that he is trustee for the husband to pay over to him the fund after the payment of the debts of the deceased wife. *Pamph. L.* 1898, *p.* 780, § 170. · *Donnington, Administrator, v. Mitchell, Administrator,* 1 *Gr. Ch.* 243; *Weeks v. Jewett,* 45 *N. H.* 540; *Barnes v. Underwood,* 47 *N. Y.* 351; 2 *Wms. Ex.* 854, note.

Conceding all this, it is of no force, as we think, as against

the statutory right of action given to the next of kin by the act of March 3d, 1848.

The fund recovered in an action under that statute is no part of the estate of the deceased wife. It is a fund arising out of a judgment in an action given by the statute for the benefit of specific persons, and which action, as Mr. Justice Depue expressed it, "enures to such persons as a vested right." The proceeds of the action enures, also, to the benefit of the persons named in the statute, and to them alone. The fund recovered is not to be distributed, under the statute of distributions, as if a part of the intestate's estate, in the manner pointed out by that statute, but is to be apportioned solely among the beneficiaries named in the act of March 3d, 1848, in the method provided by the statute of distributions; that is, the fund received is to be distributed, by the administrator trustee receiving it, to the beneficiaries named in the act of March 3d, 1848, who are alone entitled to receive it. This distribution is to be made in the same manner as the administrator would be required to distribute the fund if it were a part of the intestate's estate, and the persons named in the act of March 3d, 1848, were the only persons legally entitled to share in its distribution under the statute of distributions.

The *Encyclopedia of Law and Procedures* says: "Under statutes authorizing actions for death by wrongful act to be brought by the personal representatives of the deceased, the personal representative occupies the place of trustee, for a special purpose, of such fund as he may obtain by the suit, holding it, when recovered, solely for the use of those who are entitled under the statute, free from the claims of creditors and legatees, and subject only to such charges and expenses, inclusive of counsel fees and his commissions, as may have been reasonably incurred in presenting and securing the claim." 13 *Encycl. L. & Pr.* 380, ¶ 4.

That the fund, under our statute, is to be distributed in the manner pointed out by the statute, was expressly held by the Supreme Court of the United States. *Dennick* v. *Railroad Company,* 103 *U. S.* 11.

Mr. Justice Miller, in the case cited, says: "There can be no doubt that an administrator, clothed with the apparent right to receive or recover by suit property or money, may be compelled to deliver or pay it over to some one who establishes a better right thereto, or that what he so recovers is held in trust for some one not claiming under him or under a will. And so here. The statute of New Jersey says the personal representative shall recover, and the recovery shall be for the benefit of the widow and next of kin. It would be a reproach to the courts of New York to say that when the money recovered, in such an action as this, came to the hands of the administratrix, her courts could not compel distribution as the law directs."

Giving effect to the statute as herein indicated, as we think its construction requires, entitles the son, in this case, who is the next of kin, to the fund which may be recovered in this action, and he being the party in this case for whose benefit the statutory action enures, the administrator may prosecute it and recover, for his benefit, notwithstanding the administrator is the husband of the deceased. He takes nothing by virtue of that relation from the fund recovered under this statute. As administrator he is a mere trustee for the next of kin. The view of the Supreme Court in this case holding otherwise we think erroneous.

Reaching this conclusion requires an examination of other assignments of error of the plaintiff in error in the Supreme Court and the defendant in error here, upon which reversal was sought there and here. But two of them need to be noticed. One relates to the admission by the trial judge of evidence of what became of the store of the deceased after her decease and what was done with the goods in the store after her decease. Both the questions and the answers, on this line, were clearly irrelevant, and should not have been admitted. They could be harmful, however, only upon the question of damages, and as the charge clearly defined what damages were recoverable, and in such a way as to exclude the possibility of this evidence in any way entering into the estimation of the damages by the jury, we do not think there should be a reversal for this cause.

The other ground of error assigned was in the refusal to charge certain requests of the defendant which asked the court to charge several negative propositions, such as (1) "No damage can be recovered for the expenses incurred by the plaintiff or his son for doctors, nursing or attendance;" and (2) "If the money paid to the son by his mother [the deceased] was compensation for his services as clerk or employee, nothing can be recovered for loss of that employment;" and (3) "No damages can be recovered for the alleged destruction of the father's business."

The son in this case was the sole beneficiary under this suit. The trial judge so told the jury. In·his charge he carefully limited the right of recovery to such damages as would compensate the son for the probable pecuniary loss which he would sustain by the death of his mother; to what the son would have received in dollars and cents if she had lived. There are no allegations in the assignments of error that what the trial judge did say upon the subject of damages was not accurate. We think the charge so hedged about the elements which entered into the fixing of the damages that the failure to charge the requests for the exclusion of certain things as damages, which could not under the charge enter into the jury's ascertainment of the damages, was not such error, if error at all, as was injurious to the defendant. When the trial judge states to the jury what elements may enter into the ascertainment of damages, to the exclusion of all other elements and subject-matters, he is not required, even upon request, to enumerate and particularize certain of the elements and matters which are necessarily excluded from the consideration of the jury by the specific language or the clear import of the charge as delivered.

The result reached is that the judgment of the Supreme Court must be reversed, and that of the Essex County Circuit Court affirmed.

*For affirmance*—None.

*For reversal*—The Chancellor, Fort, Garretson, Pitney, Reed, Bogert, Vredenburgh, Vroom, Green.   9.