Case 99.—ACTION BY R. C. HARR & OTHERS AGAINST JAMES HOWLAND'S ADMINISTRATOR FOR ARTICLES SET APART TO HER AND HER INFANT CHILDREN, NOV., 15.

## Howland's Admr. v. Harr.

Appeal from Greenup Circuit Court.

JAMES P HARBESON, Circuit Judge.

Judgment for Plaintiff. Defendant appeals. Reversed.

Executors and Administrators—Allowance to Surviving Children —Stepchildren.—Under a statute providing that certain articles are exempt from distribution and sale and "shall be set apart to the widow or infant child or children," the words "infant child or children" refer to the infant child or children of intestate and do not include his wife's infant children by a former marriage.

B. F. BENNETT, for appellant.

### AUTHORITIES CITED.

Ky. Statutes, Section 1403; Ky. Statutes, Sections 3861 to 3865; South Western Reporter No. 76, page 354; Ky. Statutes, Section 1403, sub. Section 4; Civil Code of Pratiue, Section 96; Civil Code of Practice, Section 606, sub Sections 1, 2 and 7; Hardin v. Taylor, 78 Ky. R. page 593; Forbes Bros. v. Cooper & Co., 88 Ky. R. page 285; Alexander v. Alfrod 89 Ky. R. page 105; Hurry v. Kline, 93 Ky. R. page 358.

E. E. FULLERTON, for appellees.

(No brief in the record.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

James Howland and Rachel C. Pancake were married in December, 1899. Mrs. Pancake, at the time they were married, was a widow with five children. Four of them were infants who went with her to Howland's home, and lived there with him until he died on May 11, 1902. After Howland's death John W. Collins qualified as the administrator of his estate and subsequently the widow, who had intermarried with Jonas Harr, brought this suit against the administrator charging that there had been set apart to her various articles of personal property as the widow of the decedent, but that the appraisers failed and refused to set apart to her the sum of $50 each for the four infant children living with her before the death of the decedent, at the time of his death, and at the time the appraisment was made. The court adjudged her the relief sought, and the administrator appeals.

The decedent had children of his own by a former marriage, but he had no children by his wife Rachel. The children living in the home were her children by Pancake, her former husband. The question to be determined is whether the statute applies to any other children than those of the decedent. It is in these words: "The following list of articles are exempt from distribution and sale and shall be set apart to the widow or infant child or children by the appraisers of the estate of an intestate, to-wit: * * * A sufficiency of provisions, including breadstuffs, to sustain the widow and infant children residing with her one year; and if there is not a sufficiency of provisions on hand for that purpose, then so much of the live stock suitable for that purpose and of the growing crop, if any, as may be necessary to supply the deficiency; and, if not on hand, other property or money in lieu thereof not exceeding fifty ($50.00) dollars, for the

support of the widow and each infant child living with her." The statute deals with the estate of an intestate, and when it uses the words, "the widow or infant child or children," it refers to the widow and the infant child or children of the intestate. It no more refers to the infant child or children of another person than to the widow of another person. The plain purpose of the statute is to make an allowance to the widow and infant child or children of the intestate out of his property in addition to what they otherwise receive. The statute is under the head of descent and distribution. It provides how the real estate shall descend, and then provides that the personalty shall be distributed, with certain exceptions, among the same persons and in the same proportions as the real estate is directed to descend. It was not contemplated by the statute quoted that a part of the personal property of the intestate should go to strangers to his blood. Though the stepchildren were members of Howland's family while he lived, they were no more entitled to the benefit of this provision of the statute at his death than an apprentice would have been who was living in his family, or a ward whom he was taking care of as a member of his family.

Judgment reversed, and cause remanded for a judgment dismissing the petition with cost.