CASE 30.—CONTROVERSY BETWEEN A. J. THAXTON'S GUARDIAN, &C., AND THE ADMINISTRATOR OF MRS. ELLA WALTERS, DECEASED.—November 6.

## Thaxton's Guardian, &c. v. Walters, Admr.

Appeal from Bath Circuit Court.

A. W. YOUNG, Circuit Judge.

From the judgment Thaxton's Guardian, etc., appeal.—Affirmed.

Executors and Administrators—Allowance to Surviving Wife, Husband, or Children—"Widow"—"Mother"—Persons Entitled— Statutes.—The exemption allowed by Ky. Stats., 1903, section 1403, subsection 5, to be set apart to "the widow or infant child" from the estate of an intestate, to the infant child, if no "mother" survives, and to the "widow" if there be no infant children, or if none reside in the family with the "widow," does not apply to the husband and children of the intestate wife.

McMILLAN & TALBOTT for appellants.

C. W. GOODPASTOR for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Mrs. Ella Walters died June 5, 1907, in Bath county, Ky., intestate. F. S. Allen, by an order of the Bath county court, was appointed and duly qualified as administrator of her estate. She owned at the time of her death real estate worth $1,500, personal property of the value of $5,000, and was indebted to various persons amounting in the aggregate to $1,200. The intestate was twice married, and was survived by her second husband, Richard Walters, and also by a son born of the first marriage, A. J. Thaxton. The latter being an infant, E. M. Ingle was appointed and duly qualified as his statutory guardian. In this case the infant, A. J. Thaxton, and his statutory guardian, assert against the administrator of the estate of Ella Walters, deceased, for the use of the former, claim to the articles of personal property declared by subsection 5, section 1403, Ky. Stats., 1903, exempt from distribution and sale, and directed to be "set apart to the widow or infant child or children by the appraisers of the estate of an intestate. * * *" The same subsection provides: "If there is an infant child or children, and no mother surviving, there shall be set apart for the support of such infant child or children, the articles aforesaid; and if such articles are not on hand, then other articles or money shall be set apart in lieu thereof; but in no case shall appraisers set apart to either widow, child or children, property or money in lieu of the articles allowed by law, of greater value in the aggregate than $750.00. Widows

without children shall have the property aforesaid set apart to them, the same as if they had infant children residing in the family, except there shall not be anything set apart for the support of infant children, if there be none residing in the family with the widow. * * *'' The administrator denies the right of the infant to the property claimed, and upon the issue thus formed, and a written agreement presenting the facts relating to the controversy, the case was submitted for the circuit court's decision. By the judgment rendered that court rejected the claim of the infant, and awarded the administrator his costs against the guardian; and from that judgment this appeal is prosecuted.

The question presented has never been passed on by this court, and, while the construction given the statute by appellants' counsel is plausible, we are forced to concur in the conclusion reached by the circuit court as to its meaning and effect, viz., that its sole object was to make an allowance to the widow and infant child or children of the intestate husband and father out of his property in addition to what they otherwise receive. Howland's Admr. v. Harr, etc., 123 Ky. 732, 97 S. W. 358, 30 Ky. Law Rep. 53. When the statute in question was enacted, the husband, upon the death of the wife, became the owner of her entire surplus personal estate, regardless of whether she left issue; while she as the survivor took one-half of the husband's surplus personal estate, if he died without issue, but only a third of such surplus if he left issue. Perhaps this advantage given the husband and his presumed ability as the head of the family and legal custodian of his children to protect and support them caused the Legislature to omit from the statute the same special allowance out of the wife's personal

estate to him and her children provided for the widow
and children out of his property.  The wife upon the
death of the husband becomes the head of the family,
and the duty that had previously rested upon the hus-
band to provide a support for her and children falls
upon her; but the deprivation to her and them by the
death of the husband and father of the protection and
support which he, as the head of the family, had been
wont to provide them, and her presumed inexperience
and consequent inability to perform as he had done
the duties of which while living he had relieved her,
doubtless gave occasion for the special provision made
by the statute for her as widow, or, in case of her not
surviving the husband, for his child or children.  It
will be observed, too, that the special provision made
by the statute for the benefit of the widow and child
or children applies to the exclusion of the husband's
creditors, when his personal estate is insufficient to
pay his debts.  Since the enactment of the statute,
supra, the law of this State with respect to the prop-
erty rights of husband and wife have been so amended
as to give the husband upon the death of the wife one-
half of her surplus personal estate, and to her as the
survivor one-half of his surplus personal estate.  Sec-
tion 2132, Ky. Stats., 1903.  But this change does not
repeal or conflict with subsection 5 of section 1403,
which contains the provision setting apart certain
property therein enumerated to the widow of an intes-
tate, if living, or, if not, to his child or children.
Whether the Legislature acted wisely in excluding the
husband and children of the intestate wife from the
benefits conferred by subsection 5, section 1403, Ky.
Stats., 1903, is a matter we are not called upon to
determine.  The proper construction of the statute is

all that concerns us, and we think its language allows of no other meaning than that we have given it.

If we were to construe the statute as counsel for appellants contend—that is, so enlarge its meaning as to hold that its provisions apply to the surviving husband, as well as the surviving wife of an intestate —such a construction would defeat the infant appellant's claim in this case; for the statute plainly directs that the property exempt from distribution or sale shall be set apart to the widow where there are no infant children of the intestate, or if there are children, and they do not reside with her. The property can not be set apart to the infant child or children of the intestate where there is a "mother surviving." So if, for the purpose of arriving at the construction demanded by appellants, we were to substitute the word "widower" or "surviving husband" wherever the word "widow" occurs in the statute, and the word "father" where the word "mother" occurs, the construction would result in giving the property in question to Richard Walters, the surviving husband of the intestate and stepfather of the infant appellant, to the exclusion of the latter. An illustration of our. meaning is furnished by the case of Alexander's Guardian v. Alexander's Admr., 86 Ky. 688, 9 Ky. Law Rep. 839, 7 S. W. 156. Lucien Alexander died, leaving his widow and a child five years old by a former wife surviving him. The child lived with its grandparents, and, when the appraisers were called on to set apart the exempt property, the circuit court required them to give one-half of it to the widow and the other half to the infant. Upon the appeal this court, held that the widow was entitled to the whole of the exempt property; and that, as the infant did not reside with her, it was not entitled to the property

thus set apart or any interest therein, although it was but a step-child of the widow, and she was under no obligation to support it.

After all, the question of whether or not the infant appellant would, if the mother had died a widow, be entitled to the exemption claimed, as against her creditors, is not here directly involved; but the main and direct question is whether the exemption allowed by the statute should be made to apply to the husband and children of the intestate wife, as it does to the widow and children of an intestate husband. To this question we have, and we think correctly, given a negative answer; but, as previously stated, had an affirmative answer been given to it, the infant appellant would not thereby be benefited as under the authority of Alexander's Guardian v. Alexander's Admr., supra, his stepfather would in that event be entitled to the exemption.

Finding no error in the judgment complained of, it is hereby affirmed.

CHIEF JUSTICE O'REAR AND JUDGE NUNN dissenting.