WILLIAM L. ROURKE *vs.* FREDERICK C. RUSSELL, AD-
MINISTRATOR, ET ALS. (WILLIAM L. ROURKE'S AP-
PEAL FROM PROBATE).

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

The authority conferred upon the Court of Probate by General Statutes,
§ 359, to grant an allowance "for the support of the widow or family
of the deceased during the settlement of the estate," and extended
to later marriages by § 391 in substantially the same language, does
not empower the court to make an allowance for the support of the
husband from the estate of his deceased wife during its settlement.

Argued June 13th—decided October 6th, 1916.

APPEAL by the plaintiff from an order and decree of
the Court of Probate for the district of New Haven
making an allowance of $50 per month for the support
of the surviving husband of a deceased wife during the
settlement of her estate, taken to and tried by the
Superior Court in New Haven County, *Reed, J.;* facts
found and judgment rendered confirming the action of
the Court of Probate, and appeal by the plaintiff. *Error,
judgment to be entered for plaintiff.*

*James P. Pigott,* for the appellant (plaintiff).

*George E. Beers,* for the appellees (defendants).

BEACH, J. The only question in this case is whether
the Court of Probate has power to make an allowance
to a surviving husband out of the estate of his deceased
wife for his support during the settlement of the estate.

The discretion of the Court of Probate in granting
allowances is regulated and limited by § 359 of the
General Statutes, which authorizes such allowances
as the court may judge necessary "for the support

of the widow or family of the deceased during the settlement of the estate." This phraseology on its face excludes a surviving husband. *Expressio unius, exclusio alterius.*

The history of the statute also shows that it could hardly have been intended for the relief of surviving husbands, for it was enacted, in substantially its present form, in 1825, and until 1877 surviving husbands to whom issue of the marriage had been born were entitled to the possession and enjoyment of all of the deceased wife's real estate, except, after 1850, real estate representing the avails of her personal services during coverture. As to her personal estate, they either took it absolutely by the marriage, or, after 1859, were entitled to its possession and enjoyment as statutory trustees.

This condition no longer prevails as to persons married after April 20th, 1877; but we are not permitted to assume that the original intent of this statute has been changed, because the Act of 1877 (now § 391 of the General Statutes) defining the rights of surviving husbands and wives married after that date in the estate of a deceased consort, preserves the same distinction and expresses it definitely. After defining the rights of a surviving wife in her husband's estate, it provides that "the wife shall, also, when, in the opinion of the Court of Probate, it is necessary, be allowed a reasonable sum from the estate of the husband, for her support and for the support of her family during the settlement of his estate"; while in defining the rights of a surviving husband no such provision for an allowance is made. Reading §§ 359 and 391 together, no other conclusion is possible than that the widow alone is entitled to an allowance.

The appellee Croke, the surviving husband, invokes the rule of construction expressed in § 1 of the General Statutes, that words imputing the masculine gender may

be applied to females; but that will not authorize us to read the word widow as including widower.

It is also contended that the word "family" includes the surviving husband, and, in connection with homestead and exemption laws, the word is often used to describe the whole group of persons living under the same roof with the paterfamilias, including both of the parents, the children, if any, and sometimes the servants. Sections 359 and 391, however, do not deal primarily with the group relation. They refer primarily to a condition of legal dependence. Hence they expressly authorize an allowance to the dependent parent and not to the other, and the disjunctive phrase "widow or family" in § 359 indicates that the word "family" was not intended to include a surviving husband, but to include legal dependents other than the widow who lived under the same roof with the deceased, and answered to that general descriptive term.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the appellant.

In this opinion PRENTICE, C. J., THAYER and WHEELER, Js., concurred.

RORABACK, J. I concur in the result, but not in the reasons given by the majority of the court in reaching the conclusion that there is error in the present case. All of the cases unite upon this test, that where there is no dependency there can be no allowance for support. The record now before us does not show that the husband was financially helpless or in any way dependent upon his wife while living, or upon her estate after her decease, for his support. For this reason, and this alone, I think that there was error in making the allowance in question.