CORNELIUS F. TIERNEY, Respondent, *v.* GEORGE W. PERKINS, as President of the CIGARMAKERS' INTERNATIONAL UNION OF AMERICA, Appellant.

Third Department, May 2, 1917.

**Cigarmakers' International Union of America — action by surviving husband of member to recover benefit — evidence — when husband not dependent on wife — husband not relative of wife — appeal — judgment must be sustained on theory presented in court below.**

Action by the plaintiff against the president of the Cigarmakers' International Union of America to recover under the constitution of said union the amount of the funeral and death benefit to which the beneficiary of his deceased wife, a member of said union, would be entitled, on the theory that he as surviving husband was dependent upon his wife in some degree for his support. Evidence examined, and *held*, insufficient to sustain such a theory, and that a judgment in favor of the plaintiff should be reversed.

A husband in the full possession of his faculties, earning a livelihood for himself and wife, and with her assistance preparing fowls for customers and keeping trifling accounts, is in no legal sense dependent upon her.

A husband is not a relative of his wife. They are merged in one during life, and upon the death of either the survivor cannot bear any relationship to the decedent.

A judgment on appeal must be supported, if at all, upon the theory on which it was rendered.

KELLOGG, P. J., and LYON, J., dissented, with opinion.

APPEAL by the defendant, George W. Perkins, as president, from an order of the County Court of Albany county, entered in the office of the clerk of said county on the 6th day of January, 1917, affirming a judgment of the City Court of Albany, and also from the judgment entered in said clerk's office on the same day pursuant to said order.

*Mills & Mills* [*Borden H. Mills* of counsel], for the appellant.

*John J. McManus,* for the respondent.

WOODWARD, J.:

The complaint alleges that the plaintiff is a resident of Albany county, and that the defendant is the president of the Cigarmakers' International Union, an unincorporated

association, etc., and that there are local unions of this organization in the city of Albany, and that Mary E. Tierney, at the time of her death, was a member in good standing of Local Union No. 68. It further alleges that under the provisions of sections 143, 144 and 144c of the constitution of the Cigarmakers' International Union of America, members in good standing at the time of their death were entitled to certain funeral and death benefits, and that under the provisions of section 144c, if no beneficiary was designated by such member, " such benefits shall be paid to the widow of such deceased member; if there be no widow, then to the minor children of such deceased member; and if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member." The complaint then alleges the death of Mary E. Tierney, at the city of Albany, " leaving her surviving her husband, Cornelius F. Tierney, plaintiff in this action, and without leaving any descendants her surviving." It is alleged that said Mary E. Tierney did not in her lifetime make any designation of a beneficiary; that she left no property or estate, " except the death and funeral benefit accruing from the said Cigarmakers' International Union of America," and that the plaintiff has become liable for the funeral expenses, and that " the plaintiff is a relative of said Mary E. Tierney, to wit, her surviving husband; and that at the time of the death of the said Mary E. Tierney, plaintiff was dependent for support, in part, upon the said Mary E. Tierney; that plaintiff is a workingman and is not now, nor has he ever been, possessed of wealth or independent means," and he alleges that during their married life the decedent acted as his housekeeper, and that by her services in this capacity she contributed materially to plaintiff's support, and that they were mutually dependent upon each other for their support and maintenance; that " by the laws of the State of New York in force at the time of the death of said Mary E. Tierney, plaintiff was entitled to the said services of his said wife, rendered in his said household as aforesaid, without paying any compensation therefor; that plaintiff was the only relative of said Mary E. Tierney, dependent for support,

either in whole or in part, upon said Mary E. Tierney at or before the time of her death." The complaint then makes the allegations as to his proofs of death, etc., and demands judgment for $550, the amount of the funeral and death benefit to which her beneficiary would be entitled.

There is here no suggestion that there was ever any other constitution than that set forth in the complaint, and, judging from the evidence, the case went to the jury upon the theory that the plaintiff, as the surviving husband of Mary E. Tierney, was dependent upon her in some degree for his support; a large part of the testimony was devoted to showing that the said Mary E. Tierney helped her husband in some measure in the carrying on of his business as a peddler of garden produce, and the only fair construction of the evidence showed conclusively that the plaintiff, so far from being dependent upon his wife for support, was the sole support of himself and wife, with such incidental help in the way of dressing fowls for customers and in keeping his small accounts as the wife of a relatively poor man would naturally be expected to afford, and which he tells us in his complaint he was entitled to without compensation. The judgment in the City Court was clearly predicated upon this evidence, and upon appeal to the County Court this judgment was affirmed.

The plaintiff, the respondent on this appeal, now urges that the constitution of the Cigarmakers' International Union of America was amended in 1912 so that it excluded heirs at law as beneficiaries, and that this was such a violation of the obligation of the contract as to make the amendment void as to this plaintiff. It is hardly necessary to consider whether such amendment in any manner affected the plaintiff as the surviving husband for the reason that no such issue was tendered in the courts below; the plaintiff pleaded the constitution as it now is and claimed the right to recover as the only surviving relative who was in any degree dependent upon the decedent. Having recovered upon that theory, the judgment must be supported, if at all, upon the theory on which it was rendered, and this obviously may not be done. In a general sense, of course, we are all dependent upon each other; our peace, health, comfort and safety depend, in a measure, upon the acts of others, but to suggest that a

husband, in the full possession of his faculties, earning a livelihood for himself and his wife, with those incidental helps which a dutiful wife would render in the way of aiding in the preparing of fowls for customers, or keeping his trifling accounts, is in any legal sense dependent upon his wife, is absurd. "Trivial or casual, or perhaps wholly charitable assistance, would not create a relation of dependency, within the meaning of the statute or by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support, or maintenance, or assistance, and the obligation on the part of the member to furnish it must, it would seem, rest upon some moral, or legal, or equitable grounds, and not upon the purely voluntary or charitable impulses or disposition of the member." (*Wilber* v. *New England Order of Protection*, 192 Mass. 477, 479, and authority there cited.) There is not a thing in the evidence to show that the plaintiff in this action was in any degree less able to care for himself than he was to care for himself and wife with her assistance, so that if we assume a surviving husband to be a relative within the meaning of the constitution here under consideration he was not entitled to the death benefit, and the defendant had already offered to pay the funeral benefit.

Of course, a husband is not a relative of his wife. (*Esty* v. *Clark*, 101 Mass. 36; *Lavigne* v. *Ligue des Patriotes*, 178 id. 25, 29; *Gallagher* v. *Crooks*, 132 N. Y. 338, 343.) They are merged in one during life (*Esty* v. *Clark, supra,* 39, and authority there cited), and upon the death of either the survivor cannot, of course, bear any relationship to the deceased. The constitution here under consideration made provision, not for a surviving husband, but for a surviving widow, and the suggestion is made that under our Statute of Distributions a surviving husband is treated the same as a widow; but this does not give us any authority for reading into this constitution, designed for a national association, the special provisions of the statute law of New York. The instrument under which the plaintiff made his claim provided for making the payment to the widow, and a widow, in technical as well as ordinary use, has reference to a woman who has lost her husband by death. (30 Am. & Eng. Ency. of Law [2d ed.],

520,) It was squarely held in *Wellington* v. *Drummer* (69 N. H. 295) that " widow " did not include " widower," and it is to be observed that our Statute of Distributions does not attempt to make the words synonymous, but merely provides that the " husband of any such deceased married woman shall be entitled to the same distributive share in the personal property of his wife to which a widow is entitled in the personal property of her husband by the provisions of this article and no more." (Decedent Estate Law [Consol. Laws, chap. 13; Laws of 1909, chap. 18], § 100.) The plaintiff was, therefore, not entitled to the death benefit upon any possible construction of the word " widow;" he was not dependent upon his wife in any legal sense, and it is very doubtful whether he would be entitled to anything under the constitution as it is alleged to have been prior to the amendment. However this may be, the pleadings sought to recover under the constitution as it is, and the recovery must be sustained upon that basis or not at all, for judgments must be founded upon pleadings and proofs, and the pleadings and proofs now before us all go to the theory that the plaintiff is to be given the death benefit upon the ground that his wife was contributing to his support, and this is not sustained by any reasonable construction of the evidence.

The judgments and order appealed from should be reversed, with costs.

All concurred, except KELLOGG, P. J., who dissented in memorandum, in which LYON, J., concurred.

KELLOGG, P. J. (dissenting):

The death benefits are not intended solely for those dependent upon a member. The member may designate as beneficiary any person, even a stranger, by a proper paper filed with the association, or by will. Evidently the intention is, if the member has not designated a person to whom the payment is to be made, that it shall be (1) to the surviving spouse of a member, if any; (2) to the minor children, if any; (3) to dependent relatives, if any. If there is no surviving spouse, minor children or dependent relatives, the benefit is forfeited to the association.

It is manifest that the constitution, when adopted, did not

contemplate that women should be members. Perhaps at that time women were not engaged in cigarmaking. In any event the constitution, so far as it is called to our attention, treats all the members as males. The provision as to benefits (§§ 143, 144, 144c), referring to the member, uses the pronoun " his," and the retiring card issued to the decedent provides that should " he " return to active membership, the card will entitle " him " to be admitted. If the constitution contemplated that women are to be members of the union, it necessarily implied that the references to the male covered a like situation as to the female.

The wife of a member might be wealthy and might, in fact, be supporting her husband at the time of his death; but from the fact that she was his wife she is entitled to the benefit, if no designation is made. She gets the benefit, not as a dependent, because it is immaterial whether she is dependent or not, but as the person standing nearest to the deceased member, the person whom he probably would have selected if he had made a designation. I think that according to the true spirit of the constitution the word " widow " should be interpreted as " widow or widower."

Under section 143 of the by-laws the union became liable to pay death benefits in this case, the decedent having paid her dues for a great many years. But it seeks to avoid the payment by claiming that by her failure to make a designation the benefits are forfeited to the union. The union made the by-laws, and they should be most strictly construed against it, especially when it is urging a forfeiture.

It cannot consistently claim that any inequality was intended between its male and female members. The object and strength of the union is the equal protection to all of its members, without discrimination. The same reason which would give the benefits earned by a husband to the widow would give the benefits earned by the wife to the widower.

The constitution, in words, speaks of men only, and when by general language it imposes a duty or accords a right to them, it must necessarily follow that when women are received into the membership they are charged with the same duties and have the same rights as are given to men by the general language used. We are not interpreting the word " widow "

as used in the statutes of the State, or in ordinary contracts, but are construing the constitution of a brotherhood which admits women as members but in its constitution speaks of all members as men. If the constitution permitted each member to invite his wife to certain functions, it cannot be claimed that a female member could not invite her husband. The right to participate in the function is not based upon sex, but is based upon the relation which the party bears to a member. If a member were entitled to funeral benefits in case his wife died, a woman would manifestly be entitled to the same benefit if her husband died; otherwise there would be an unjust discrimination in violation of the very spirit of the union. Within a spirit of fairness to all members, such a clause should be interpreted as giving to a member, male or female, the funeral benefit to help him in burying his deceased life partner. I favor an affirmance.

LYON, J., concurred.

Judgments and order reversed, with costs. The court disapproves of the finding that the plaintiff was a dependent relative of the deceased member who at the time of her death was dependent in whole or in part upon her.