Hillsborough, }
June 27, 1935. }

ALFRED J. CHRETIEN, *Adm'r*

*v.*

AMOSKEAG MANUFACTURING COMPANY.

*Chretien & Craig,* for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the defendant.

PAGE, J. Section 19 of chapter 178 of the Public Laws allows compensation for death as follows: "I. If the workman leaves any widow, children or parents, at the time of his death, then wholly dependent on his earnings, a sum to compensate them for loss, equal to one hundred and fifty times the average weekly earnings of such workman when at work on full time during the preceding year . . . but in no event shall such sum exceed four thousand five hundred dollars . . . . . III. If he leaves no such dependents, the reasonable expenses of his medical attendance and burial, not exceeding two hundred dollars." P. L., c. 178, s. 19; Laws 1931, c. 131, s. 1.

The petitioner claims the benefit of subsection I, while the defendant contends that liability is limited to the recovery permitted by subsection III. It is admitted that the words "workman" and

"his" are to be construed as extending to the deceased female worker (P. L., c. 2, s. 3), so that her death is compensable. But a statute requiring that words denoting the masculine gender shall include females "will not authorize us to read the word widow as including widower." *Rourke* v. *Russell*, 91 Conn. 76, 78.

Section 19 was originally enacted in 1911. It was amended in 1931 by increasing the maximum of recovery in both of the quoted subsections. The legislature, having twice considered the question of recovery by dependents of a deceased employee, presumably gave careful thought to the definition of the class of dependents who were to benefit by the act. The inclusion of widows and the failure to name widowers therefore becomes especially significant. If the legislature had intended to include widowers, it seems probable that they would have inserted the word, or at least would have adopted the general designation of "spouse" for "widow" in the same manner as they used "children" instead of "son or daughter," and "parents" instead of "father and mother." The internal evidence that the legislature was acquainted with the apt phraseology of inclusion, coupled with their failure to use it so as to include widowers, is persuasive evidence of an intent to exclude them.

In a different situation we have said that the specification of beneficiaries and the insertion of the qualifying word "such" in sub-section III "confirm the view that the limitation expressed in our act was understood to be definite and unqualified." *Lapoint* v. *Winn*, 81 N. H. 357, 360. This view is equally applicable in the present situation. Even if we could assume that the omission of "widower" or its equivalent was inadvertent, it would be improper for us to read into the statute what does not appear. *Amy* v. *Watertown*, 130 U. S. 320, 327; *Brahmey* v. *Rollins*, ante, 290. We conclude that the petitioner is entitled to such compensation only as is provided by P. L., c. 178, s. 19, III.

While no case directly in point has been noticed, the construction adopted is consistent with that generally applied in situations somewhat similar. Thus where the beneficiaries under a death statute are the widow and children (or the widow and next of kin) the surviving husband does not take as widow by construction. *Western Union Tel. Co.* v. *McGill*, 57 Fed. Rep. 699; *Gottlieb* v. *Railway*, 72 N. J. L. 480; *Dickins* v. *Railroad*, 23 N. Y. 158; *Drake* v. *Gilmore*, 52 N. Y. 389; *Whittlesey* v. *Seattle*, 94 Wash. 645. In three jurisdictions death statutes for the benefit of the widow and next of kin are construed to include the surviving husband as next of kin but not as

the statutory equivalent of the widow. *Atchison &c. Ry Co.* v. *Townsend,* 71 Kan. 524; *Steel* v. *Kurtz,* 28 Oh. St. 191; *Missouri &c Co.* v. *Canada,* 130 Okla. 171.

Family allowances and exemptions permitted by statute to be made to the widow and children of the deceased are not construed for the benefit of a widower. *Hills* v. *Superior Court,* 207 Cal. 666; *Rourke* v. *Russell,* 91 Conn. 76; *Thaxton's Guardian* v. *Walters,* 130 Ky. 235; *Hamilton's Adm'x* v. *Riney,* 140 Ky. 476; *Stuart* v. *Schoonover* 104 Okla. 28; *In re Klinger's Estate,* 2 Pears. (Pa.) 533; *In re Bowen's Estate,* 95 Wash. 82. A union death benefit payable by contract to the widow, minor children or dependent relative of a deceased member cannot be claimed by the surviving husband of a female member, since he is neither the widow, child nor relative. *Tierney* v. *Perkins,* 178 App. Div., 391. No case has been found where so liberal a construction has been adopted as would supply "widower" for "widow."

*Case discharged.*

All concurred.