SALEM COUNTY COURT OF COMMON PLEAS.

MARY E. SHARP, PETITIONER-APPELLANT, v. BOROUGH OF VINELAND, RESPONDENT-APPELLEE.

Decided March 30, 1936.

For the petitioner-appellant, *Phillip P. Wodlinger*.

For the respondent-appellee, *Ralph N. Kellam*.

NEUTZE, C. P. J. The facts in this case were agreed upon between the parties while the matter was before the deputy commissioner of labor. It was admitted that the decedent, Ralph Sharp, was fatally injured as the result of an accident arising out of and in the course of his employment. The only question upon which a dispute arose was as to the number of persons who were legally dependent upon the decedent.

It undoubtedly appears that the decedent left surviving him, a widow and his child, over sixteen, who was the son of a prior marriage. This child was found to be mentally and physically deficient and an award was made to the widow and child to the extent of forty per .cent. of the decedent's wages for three hundred weeks.

However, the petitioner, the wife of the decedent, made further claim for three other children, namely, Druscilla, Frank and Edgar, all of whom are under sixteen years of age. It was undisputed that these three children were all illegitimate children born to the petitioner, Mary E. Sharp, prior to her marriage to the decedent and that the decedent, Ralph Sharp, was not the father of these children. Upon the petitioner's marriage to the decedent, these children

resided with the decedent and petitioner. The petitioner therefore claims that the decedent was the stepfather to these children and therefore upon his death, they could take compensation as dependents within the meaning of the so-called Workmen's Compensation act. The deputy commissioner of labor, however, did not class these children as dependents within the meaning of the statute under paragraph 12 and therefore determined that the three children could not be awarded any compensation and dismissed the claim as to them.

No dispute has arisen as to the rights of the widow and the decedent's own son, so I shall pass to the problem of the rights of the illegitimate children of the widow.

At common law, if a person was injured personally, any resulting loss died with him. *"Actio personalis moritur cum persona."* *Haggerty* v. *Central Railroad,* 31 *N. J. L.* 349; *Gottlieb* v. *North Jersey Street Railway Co.,* 72 *Id.* 480; 63 *Atl. Rep.* 339. Statutes have been passed to correct the harsh effect of such a rule of law. If the decedent is fatally injured through the negligence of a third person, then the death statutes (1 *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 927) affords the decedent's widow, surviving husband and next of kin a remedy and they may be compensated for their injury. However, should the decedent die as the result of an accident while employed, then the Workmen's Compensation act must be looked to. This act provides for compensation to certain enumerated persons, who if they are dependents, may secure a fixed compensation from the employer. *Gregutis* v. *Waclark Wire Works,* 84 *N. J. L.* 610; 92 *Atl. Rep.* 354. This act is in derogation of the common law and while on the other hand a general rule exists that the Workmen's Compensation act is to be liberally construed, it must be noticed that the statute provides with particularity who are or may be dependents of a deceased workman. In fact, the act has been amended several times to specify more persons who can possibly be declared as dependents under the statute. It appears that the rule of *"expressio unius est exclusio alterius"* should be applied in this case as the legislature has specified the individuals who are to be classed as dependents.

The possible dependents are "husband, wife, parents, stepparents, grandparents, children, stepchildren, grandchildren, child *in esse,* posthumous child, illegitimate children, brothers, sisters, half-brothers, half-sisters, niece, nephew." 2 *Cum. Supp. Comp. Stat., p.* 3876, ¶ 12, *subsec.* (g), as amended *Pamph. L.* 1928, *ch.* 135, *p.* 286; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1979, § **236-12.

Are the three illegitimate children of the petitioner stepchildren of the decedent? If so, and since they are under sixteen and were dependent upon the decedent, they would be entitled to compensation under the statute for the death of the decedent. Though the inclusion clause, set out above, enumerating the possible dependents goes to some length, the statute makes no provision for the illegitimate children of the surviving spouse. Reference and provision is made only for the illegitimate children of the decedent. Such children are not stepchildren of the decedent. Therefore it appears that the illegitimate children of the decedent's wife cannot be classed as dependents. The act defines certain limits and should the court extend the provisions of the act to persons not provided for by the legislature, then the court would be resorting to judicial legislation and would not be construing the provisions of the act as passed by the legislature. *Scott* v. *Independent Ice Co. et al. (Md.),* 109 *Atl. Rep.* 117; *Chretian* v. *Amoskeag Manufacturing Co. (N. H.),* 180 *Atl. Rep.* 254; *Splitdorf Electrical Co.* v. *King et al.,* 90 *N. J. L.* 421; 103 *Atl. Rep.* 674; *affirmed,* 92 *N. J. L.* 524; 105 *Atl. Rep.* 894.

The statute does provide for stepchildren. Who may be classed as stepchildren? 3 *Bouv. Dict.* 3136, contains the following definitions of the "step" relationship words:

Stepdaughter—"The daughter of one's wife by a *former husband,* or of one's husband by a *former wife."*

Stepfather—"The husband of one's mother by virtue of a marriage subsequent *to that* of which the person spoken of is the offspring."

Stepmother—"The wife of one's father by virtue of a marriage subsequent *to that* of which the person spoken of is the offspring."

Stepson—"The son of one's wife by a *former husband* or of one's husband by a *former wife.*"

Furthermore, Webster's New International Dictionary defines stepchild as follows:

"A child of one's wife or husband by a *former marriage.*"

I have gone to great length to set forth these definitions in order to show that they all specify a former married relationship out of which the offspring in question were the progeny.

The plain context of such definitions is to make as a prerequisite to one's being a stepchild that the law must have substituted, as it were, someone else for *one* of the child's parents upon the termination of the prior marriage and the consummation of a subsequent marriage involving one of the parents. In the case now before the court, these children have never had more than one parent, namely a mother, and this relationship exists only by virtue of the statutes in this state. At common law a bastard child was *nullius filius* but by statute, the bastard child can inherit property by and through her or his maternal heirs or next of kin. The statutes only enlarge an illegitimate child's rights as to his natural mother, and some statutes place certain duties upon the putative fathers but no statute exists in this state which would class the decedent in this case as a stepfather of the illegitimate children of his wife. It is unfortunate that the law has not been extended to provide for such children but until the legislature sees fit to so provide, the court is bound by the limits set forth in the statute passed by the legislature.

Therefore the determination and judgment of the deputy commissioner is affirmed, and the petition as to Druscilla Sharp, Frank Sharp and Edgar Sharp is dismissed.