CASE 31—MOTION—SEPTEMBER 26.

# Louisville and Nashville Railroad Company v. Brice.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. APPEALS—SCHEDULE.—Since the repeal of so much of the Code
   as required errors to be assigned, the failure of the appellant to
   file a schedule is not a ground for dismissing the appeal when he
   has filed the entire record in proper time.

   *Where a partial transcript is desired* a schedule must be filed.
   with the clerk of the court below within ninety days after the
   granting of the appeal, and the filing of the schedule is sufficient.
   notice to the appellee. This rule applies as well to appeals involv-
   ing the settlement of estates as in ordinary cases, the judge being
   no longer required to direct the parts of the record to be copied.

2. IF A CROSS-APPEAL IS DESIRED the appellee may file his schedule
   below, either before or after the schedule is filed by the appel-
   lant.

E. P. CAMPBELL, JOHN W. McPHERSON AND HARRY FER-
GUSON FOR APPELLEE.

Cited, in support of motion, Civil Code, section 737, subsection 4; Haw-
thorne v. McArthur, 7 Ky. Law Rep., 39.

W. LINDSAY FOR APPELLANT, IN RESPONSE TO MOTION.

1. Since the repeal of so much of the Code as required errors to be
   assigned, the failure to file a schedule is not ground for dismissal
   where the appellant has brought up the entire record.

2. It is in the discretion of the court as to whether or not it will dis-
   miss for the failure to file a schedule. (Civil Code, section 737,.
   subsection 4; *Ibid.*, section 740.)

JOHN FELAND ON SAME SIDE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The question of practice to be determined in this
case arises from a motion made by the appellee,.
Brice, to dismiss the appeal of the railroad com-
pany, because it failed to file with the clerk of the.
inferior court a schedule, showing what part of the

record it desired for this Court, within ninety days after the granting of the appeal.

The act of the Legislature of April 4, 1884, repealed so much of the Code of Practice as required an assignment of errors. Prior to this repealing act the appellant was required, within ninety days after the granting of the appeal, to file in the office of the clerk of the inferior court *his assignment of errors and a schedule* showing concisely what parts of the record he wished to have copied. "His failure to file said *assignment and schedule*" within the time prescribed shall be cause for the dismissal of the appeal. After the filing of his assignment and schedule, it is provided that appellant *may* cause notice of the filing thereof to be served on the appellee. (Civil Code, section 737, subsection 4.)

By subsection 2 of the same section (737) it is provided that in cases to which the provisions of chapter 3 of title 10 apply, the appellant, whether the appeal be granted by the inferior court or by the clerk of the Court of Appeals, "shall present to the judge of the inferior court his assignment of errors; the judge shall, by directions thereon or annexed to the assignment, order the clerk of the inferior court to copy such specified parts of the record as, in view of the alleged errors, may be material, and the appellant shall file said assignment and directions in the office of the said last-mentioned clerk." The provisions of chapter 3, title 10, to which subsection 2 of section 737 applies, relate to the settlement of estates, etc.

As the appellant is no longer required to file his assignment of errors, these various provisions of the

Code have been referred to with a view of determining how a party appellant is to reach this court with his record, where the appeal is prayed below.

The repeal of so much of the Code as required the assignment of errors renders it impossible, and certainly impracticable, for the judge, without an assignment of errors, to direct what part of the record should be copied, in view of the alleged errors, because none are required to be assigned. So that so much of the Code as requires the judge to direct what part of the record is to be copied must be regarded as repealed.

The object in requiring the filing of an assignment of errors within ninety days, with a schedule, was to enable the appellee to know the ground relied on for a reversal, so that he might prepare his schedule and assign cross-errors, or if he did not desire to file cross-errors, that he might have other parts of the record brought to this court than that ordered by the appellant.

All that part of the act in regard to the assignment of errors being repealed, it seems to us the only question to be determined is, can the party bring the entire record to this court without filing a schedule with the clerk below? That he may still bring a part of the record, by filing his schedule within the ninety days from the time he prays the appeal, is manifest, and the filing of his schedule is all the notice required; but as he alone is to be benefited by filing such a schedule, we see no reason for inflicting a penalty upon him for bringing the entire record to this court.

If he brings more of the record here than is necessary, the penalty is the payment of costs for so much of the record as may not be required for the settlement of the questions involved. When the appellant failed to file his assignment of errors and schedule, the penalty was a dismissal of the appeal; but as this is not now required, and the bringing of a partial record here is for the benefit of the party appealing, if the latter sees proper not to avail himself of this provision of the Code, it constitutes no reason for dismissing his appeal. As we construe the Code, the appellant is required to file the transcript in the office of the clerk of the Court of Appeals at least twenty days before the first day of the second term of this court next after granting the appeal, unless the court extend the time. (Section 738.)

He may file a partial transcript in this court, or the entire record, within the time prescribed by section 738, with this exception. He will not be allowed to file a partial record unless he has filed his schedule within ninety days after praying his appeal in the court below. The filing of the schedule with the clerk shall be sufficient notice to the appellee. It is as easy for the appellee to ascertain whether a partial record is desired by the appellant, by applying to the clerk, as it is to ascertain whether a complete record has been filed in this court.

This rule of practice applies as well to appeals involving the settlement of estates as in ordinary cases. The schedule, when a partial record is desired, must be filed with the clerk of the court be-

low within ninety days from the granting of the appeal in all cases. The appellee, if he desires to pray a cross-appeal in this court, may file his schedule in the court below either before or after the schedule is filed by the appellant. Since the repeal of so much of the Code as required errors to be assigned, there is no necessity or reason for dismissing the appeal when the appellant is here in proper time with the entire record.

The motion to dismiss is overruled.