CASE 99—ACTION BY T. T. METCALFE V. JULIA A. HALL, &C. TO EN-
FORCE A MORTGAGE LIEN ON LAND.—FEB. 17.

# Hall and Others v. Metcalfe.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.  REVERSED.

FORECLOSURE—DECEDENT'S ESTATE—ALLOWANCE OF ATTORNEY'S FEES
—PAYMENT OF MORTGAGE DEBT BEFORE JUDGMENT—TAXATION OF
COSTS—OBJECTION TO DEPOSITIONS—NOTICE—PROOF OF DEBT.

Held:  It is too late, on appeal, to object to depositions as taken
    without notice.

2. Decedent left no personal estate.  A mortgagee instituted fore-
    closure, making the widow, son, and administrator defendants.
    and also another creditor.  The widow then sold the land and
    paid all the debts.  At the settlement the mortgagee's attor-
    ney demanded a fee of $75; the administrator's attorney, one
    of $50; and a cost bill of $19.35 was presented.  The mort-
    gagee stated, without contradiction from his attorney, that the lat-
    ter's fee was to have been $20; and the administrator denied
    employing his attorney, though he later, in an affidavit, de-
    manded the allowance of a fee for him.  The note secured by
    the mortgage was proved by affidavit prepared by the holder.
    An amended petition, containing averments authorizing a ref-
    erence to a commissioner to settle the estate, was not filed till
    after the payment of the debts.  HELD, that neither attorney
    was entitled to a fee.

3. The mortgagee's debt not having been paid till after foreclosure
    was instituted, he was entitled to costs accruing to the time of
    payment, including $5 as an attorney's fee, as is usual in equita-
    ble actions.

4. In the foreclosure of a mortgage on a decedent's estate, it appear-
    ed that after suit was instituted a third person placed $600 in
    the mortgagee's hands, with which to effect a purchase at com-
    missioner's sale.  The third person then bought from the widow
    and son for $850, paying them the balance above the $600.  The
    mortgagee then settled with the third person by returning $42;
    having retained enough to pay his mortgage debt and inter-
    est, and $15 in satisfaction of another claim.  HELD, that it
    was error to decree a sale of the property, as the mortgagee's
    debt had been paid.

Hall and Others v. Metcalfe.

WALKER C. HALL, ATTORNEY FOR APPELLANT.

(No brief for appellant.)

L. L. MANSON & B. F. GRAZIANI, ATTORNEYS FOR APPELLEE.

This is a suit by appellee against the administrator of C. L. Hall, deceased, and his widow and heirs and creditors, to settle his estate and enforce a mortgage lien on a note for $500 owing to appellee by said decedent and in which the plaintiff asks his attorney's fees and costs.

The appellant has filed a record in this case upon which it was not tried below; there are alleged depositions in the record, but nowhere were they ordered filed or any notice served on the appellee, and should not be considered by this court.

We urge that, first, the appellee brought this suit for the purpose of enforcing his mortgage lien, that appellant, through some trickery of his attorney, endeavored to change the relationship between the parties by secretly attempting to settle, but failed to settle, and then afterwards endeavored to take and file depositions without giving notice to appellee.

It appears to us that the appellant is not with clean hands before the court, and we are entitled to a judgment for the amount of money due us and for a sale of the property to satisfy the judgment, interest and cost.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

Charles L. Hall died in Kenton county, Ky., intestate. The appellant Julia A. Hall is his widow, and the appellant Edward Hall his son and only heir at law. On November 21, 1900, one R. J. Perry was appointed and qualified as the administrator of his estate. On November 24, 1900, this action was instituted by appellee in the Kenton circuit court to enforce a mortgage lien that had been given him on a small tract of land by the decedent and his wife to secure a note of $500, in which action R. J. Perry, as administrator of the estate of the decedent, the latter's widow and son, and Samuel Stephens were made defendants. The petition alleges that appellee, T. T. Metcalfe, and Samuel Stephens were the only creditors of the estate, but fails to allege that the decedent left no personal estate, or not enough thereof to pay his debts; nor does it state

the amount or nature of the claim held by Samuel Stephens against the estate. The prayer of the petition asks a sale of the mortgaged real estate to pay appellee's debt, and a reference of the cause to the master commissioner for settlement of the estate, and that appellee be allowed his costs, including attorney's fees. The administrator filed answer, in which he states his appointment and qualification as administrator; that, so far as he knows, Metcalfe and Stephens were the only creditors of C. L. Hall's estate, and, further, that the mortgage note of appellee contained usury, as it calls for 8 per cent. interest, when only entitled in law to bear 6, and asks that the note be purged of usury, which would leave $468.16 due appellee, instead of the larger sum claimed. The answer, like the petition, is silent as to the nature and amount of the Stephens debt; and it also fails to state what personal estate, if any, was left by the decedent, but concurs in the prayer of the petition for a reference and settlement, and asks an allowance to himself and attorney. It appears from the record that the appellant Julia A. Hall had ascertained that her deceased husband owed about $250 in addition to appellee's debt, and a part of this sum she paid; but, being desirous of paying all his debts, she effected a sale of the little farm covered by appellee's mortgage, which was all the estate left by her husband at $850, which sum was sufficient to pay the debts in full, and leave her and her son $50 or $75. The answer of appellants averred that all the debts of the decedent, including that of appellee, had been fully paid by them; and they exhibited with their answer a schedule containing the names of the creditors, and the sums paid them, respectively, which showed the aggregate indebtedness to be $832.52, paid out of the proceeds realized from the sale of the farm, leaving to appellants $32.48. Appellee filed a reply tra-

versing the averments of appellants' answer, and appellants thereupon took the depositions of several witnesses, which were duly filed with the clerk of the Kenton circuit court before the submission of the case, as appears from an order of court. It is contended by counsel for appellee that the depositions were taken without notice, or upon insufficient notice, and therefore they should not be considered by this court. If they were taken without notice, exceptions should have been filed to them in the lower court, and before the submission of the case; but as the record fails to show that they were excepted to in that court, it is too late to object to them now, and in this court. The depositions furnish indisputable evidence to the effect that as far back as December 21, 1900, which was less than a month after the institution of appellee's action, one J. C. Cotton, who afterwards became the purchaser of the farm from appellants, learning of the mortgage debt of appellee, went to see him, and advised him of his purpose to purchase the farm; and appellee told him that he did not wish to buy the farm, but would buy it for him (Cotton); and the latter then placed in his hands $600 as a guaranty that he would take the farm if appellee would buy it for him at commissioner's sale, and, for the $600 then left with him, appellee executed to Cotton his duebill. It is further shown by the proof that Cotton then learned that appellants were endeavoring to sell the farm through Foster, a real estate agent; and he bargained for the place through Foster at the price of $850, and paid to appellant Julia A. Hall, and certain of the creditors, all of the purchase price over and above the $600 in appellee's hands; and, upon receiving of appellants a deed conveying him the farm, Cotton again saw appellee, who settled with him, paying back to him $42 out of the $600 which had been left with him by Cot-

ton, and, after paying the $42. to Cotton, he claimed that the sum retained by him only equalled the principal and interest of his mortgage debt, and a medical bill of $15 which appellant Julia A. Hall owed him. Thus we find that appellee not only received the amount of his mortgage debt, but, in addition, that he appropriated to the liquidation of a medical bill which he had against the widow the pittance going to her out of the money left in his hand after satisfying his mortgage debt. Notwithstanding the payment of his debt, appellee refused to release the mortgage lien which he held upon the farm purchased by Cotton of appellants. It appears that appellee's attorney, upon being informed of the sale of the land to Cotton, presented himself while the parties were making out a list of the debts to be paid out of the proceeds of the sale, and demanded the payment of a fee of $75 for services rendered by him in this action in the lower court, a fee of $50 for the attorney of the administrator, and a bill of $19.35 costs, the payment of which fees and costs appellants refused. Appellee was also present when these fees were demanded, and he then stated in the presence of his attorney, and without contradiction from him, that the latter had agreed with him on a fee of $20 for his services in the case. The administrator, upon being asked by the attorney of Cotton about the fee demanded by his attorney, denied that he had employed him, yet, in an affidavit afterwards filed by him in the case, he demanded the allowance of a fee to that attorney. The lower court, in the judgment rendered upon the submission of the case, allowed appellee's attorney a fee of $40, a fee of $15 to the attorney for the administrator, and ordered a sale of the land described in the mortgage of appellee to pay the debt sued on, and the costs of the action. This court is now asked to reverse that judgment.

Hall and Others v. Metcalfe.

We do not hesitate to say that the judgment in question is altogether erroneous. There was no necessity for the appointment of an administrator of the estate of the decedent, C. L. Hall, as there was no personal estate left by him. No proof of the appellee's debt was necessary, other than the statutory affidavit thereto attached, which seems to have been properly made by the holder of the note; and no demand for its payment before suit would have been necessary, had there been no administrator. The action to enforce the mortgage lien of appellee could have been maintained by simply making the widow and heir at law parties. Other creditors, if known, should also have been made parties. A reference to the commissioner in such a case would have presented their claims fully to the court, and given such relief as they were entitled to. The manner in which this action has been instituted and conducted is well calculated to excite suspicion that the recovery of attorney's fees, and their payment out of the estate of the decedent, is the end mainly sought to be attained. It is not the policy of the law, nor the aim of this court, to permit estates, small or great, to be consumed by unnecessary costs. The action was not one to settle an estate. The original petition contained no statement of fact that would have authorized a reference of the case to a commissioner for the purpose of ascertaining the estate's indebtedness, or to make a settlement thereof. In fact, the amended petition, which contaid the only averment in the pleadings to the effect that the decedent left no personal estate, was not filed until after appellee and all other creditors had been paid what was due them from the estate.

We are of opinion that no attorney's fees should have been allowed by the lower court, either to appellee's attorney, or the attorney of the administrator.

Cumberland Tel. & Tel. Co. v. Louisville Home Tel. Co. (2 Cases.)

We are also of the opinion that the lower court erred in decreeing the enforcement of appellee's mortgage lien, and a sale of the land in satisfaction of the mortgage debt, for, according to the evidence, his debt was paid some months before the rendition of the judgment. But inasmuch as the debt was not paid until after suit was instituted, appellee is entitled to his costs incurred in the proceeding to enforce his lien down to the time of the payment of his debt— say, February 1, 1901. The costs to which he will be entitled should include a taxed attorney's fee of $5, as is usual in actions in equity. In all other respects the appellants should be allowed their costs.

For the reasons indicated, the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent with the opinion herein.

Petition for rehearing by appellee overruled.