## Clevinger, et al. v. Nunnery, et al.

(Decided November 15, 1910.)

### Appeal from Pike Circuit Court.

1. Appeals—Filing Schedules—Notice Required—Appeals Granted by Appellate Clerk.—Where an appeal is granted by the circuit court, the appellant may within 90 days file his schedule in the clerk's office if he wishes to bring up a partial record. He may serve notice of the filing of the schedule, but he is not required

to give notice where the appeal is granted by the inferior court, but he must file his schedule within 90 days after the appeal is granted, or it cannot be regarded. If, however, the appeal is granted by the clerk of the Court of Appeals, and appellant chooses to file a transcript of a part only of the record, the statute provides: "He shall file in the office of the clerk of the inferior court a schedule similar to that above described, and shall cause notice of the filing thereof to be served on the appellee and to be returned to said office as a summons is directed to be served and returned." (Civil Code, section 737, subsection 7a.)

2. Same—Filing Part of Record—Directions of Appellate Court.— So much of section 737 of Civil Code as requires the judge of the circuit court to direct what part of the record shall be copied in certain cases has been repealed (L. & N. R. R. Co. v. Brice, 83 Ky. 210.) But so much of the section as authorizes the parties to file a schedule showing what parts are to be copied is still in force.

3. Rules of Appellate Court—Code Provision.—Under rule 27 of the Appellate Court, where a schedule has been filed as prescribed by section 737 of the Code, it will be presumed that all that is material in the record is contained in the transcript, and that the parties have consented to try the appeal on the transcript, but the rule has no application unless the schedule has been filed in the clerk's office as prescribed by section 730 of the Code.

4. A deed made as a gift to grandchildren and not recorded is void as to prior and subsequent creditors.

J. J. MOORE for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

This appeal is prosecuted on a partial record made out under a schedule filed by appellants with the clerk of the circuit court, and the first question made is as to the sufficiency of the record. Section 737 of the Civil Code provides how transcripts to be used in the Court of Appeals shall be made out. So much of the section as required the judge of the circuit court to direct what part of the record shall be copied in certain cases has been repealed. (L. & N. R. R. Co. v. Brice 83 Ky. 210.) But so much of the section as authorizes the parties to file a schedule showing what parts of the record are to be copied is still in force. Where the appeal is granted by the circuit court, the appellant within 90 days thereafter may file his schedule in the clerk's office if he wishes to bring up a partial record. He may serve notice of the filing of the schedule, but he is not required to give

notice where the appeal is granted by the inferior court. But he must file his schedule within 90 days after the appeal is granted or it can not be regarded. (Section 737, sub-sec. 4.) If, however, the appeal is granted by the clerk of the court of appeals, and the appellant chooses to file a transcript of a part only of the record, the statute provides as follows:

"He shall file in the office of the clerk of the inferior court a schedule similar to that above described; and shall cause notice of the filing thereof to be served on the appellees, and to be returned to said office, as a summons is directed to be served and returned." (Civil Code, section 737, subsection 7a.)

After the adoption of the Code; it was held in a number of cases that the appellant who brought up a partial transcript did so at his peril; and that it would be presumed that the omitted portions of the record would support the judgment. (McKee v. Stien, 91 Ky. 240; Adams v. Bement, 96 Ky. 334.) To remedy this, the court adopted rule 27:

"Hereafter the court will conclusively presume after submission, that records brought up to this court on schedule filed in the clerk's office of the inferior court, as prescribed by section 737 of the Code of Practice, is the complete record, and that all parties interested have consented to try the appeal on such record. Before submission the court will, in its discretion, allow a transcript of other parts of the record to be filed when deemed necessary in furtherance of justice."

Under the rule, where a schedule has been filed as prescribed by section 737 of the Code, it will be presumed that all that is material in the record is contained in the transcript, and that the parties have consented to try the appeal on the transcript; but the rule has no application unless the schedule has been filed in the clerk's office as prescribed by section 737 of the Code.

The judgment here appealed from was rendered on May 23, 1908; the appeal before us was granted by the clerk of this court on May 26, 1910. The schedule upon which the record was made out was filed in the clerk's office of the circuit court on April 12, 1910, and no notice was given. It will thus be seen that the schedule was filed in the circuit clerk's office before the appeal was granted by the clerk of this court; and that the transcript was made out without any notice being served on the appellees. The statute is mandatory that the notice

must be served where a schedule is filed on an appeal granted by the clerk of this court; and where notice is not given, the schedule is not filed as prescribed by the Code. The reason for the distinction between appeals granted by the inferior court and appeals granted by the clerk of this court is not difficult to see. The appeal must be granted by the inferior court at the term at which the judgment is rendered (Civil Code, section 734), and as the parties are before the court they have notice of the granting of the appeal, and so have notice that the appellant may within 90 days file a schedule for the purpose of bringing up a partial transcript of the record. But where the appeal is granted by the clerk of this court, the appellees have no notice of the granting of the appeal, and so notice of the filing of the schedule is required that they may see that necessary parts of the record are. not omitted. The schedule before us not having been filed as provided by the Code, and no notice of it having been served on the appellees, it was invalid, and the transcript made out pursuant to it can not be considered as equivalent to a complete transcript of the record.

Where the transcript is imperfect, the rule is that it will be presumed that the missing parts of the record support the judgment, but as appellants are infants and under the protection of the court, we have examined the record on the merits, that their rights may not suffer from a slip of their next friend in the steps taken in getting the case to this court.

The facts shown are these: On January 15, 1904, William Clevinger executed a note to E. P. Nunnery for $150.00, and a mortgage on a tract of land to secure it. On September 14, 1905, Nunnery brought suit to recover his debt, and to foreclose the mortgage. William Clevinger did not answer, but J. H. Clevinger, his son, filed an answer in which he claimed that he was the owner of a part of the tract. Later, the other children of William Clevinger filed their petition and answer, claiming that the land belonged to their mother, and had descended from her to them. While the action was pending, William Clevinger died in the spring of 1906, and thereafter certain creditors instituted an action to settle his estate, and this action was consolidated with the suit which Nunnery had brought. In the consolidation actions appellants, who were the children of J. H. Clevinger, filed their petition setting up that William Clevinger executed

to them on August 27, 1902, a deed for sixty or seventy acres of the land. The deed was not recorded until after the death of William Clevinger, their grandfather. On final hearing, the circuit court dismissed the petition of the grandchildren setting up a claim to the tract of land under the deed from their grandfather, and of this they complain. The deed was a gift from the grandfather to the children, who were under ten years of age. The creditors pleaded that the deed was a forgery, and the certificate accompanying it fraudulent.

We do not find it necessary to pass on the question whether the deed was genuine or not. Being a voluntary conveyance, it was void as to all the creditors of William Clevinger, whose debts were in existence at that time (Ky. St. section 1907), and not having been recorded, it was void as to all creditors whose debts were created after its execution. (Ky. St., section 496, Wicks v. McConnell, 102 Ky. 434, Clift v. Williams, 105 Ky. 559.) The debts against the estate amounted to about $1200.00. The entire tract of land sold for $600.00. It was sold on the application of the creditors, and for the payment of their debts. As the deed to the infants was void as to the creditors, they cannot complain that the land was sold on the application of the creditors for the satisfaction of their debts.

Judgment affirmed.