## White's Admx. v. White, et al.

(Decided May 21, 1912.)

### Appeal from Grayson Circuit Court.

1. Appeals—Partial Records—Schedule.—When a party desires to prosecute an appeal to this court on a partial record, he must if the appeal is granted in this Court file as provided in section 737 of the Civil Code, a schedule, with notice, in the clerk's office of the lower court. If he fails to so file a schedule, with notice, it will be ground for the dismissal of the appeal. But, no schedule is necessary when the entire record is ordered to be copied by the appellant.

2. Appeal on Partial Record—Rule 27 of This Court.—Under rule 27, this Court will presume after submission that a record brought here on a schedule that is filed as provided in Section 737 is a complete record and that all parties interested have consented to try the appeal on such record, but the court in its discretion may allow a transcript of other parts of the record to be filed.

3. Fraudulent Conveyance—Burden of Proof.—Where a deed is assailed upon the ground that it was executed without consideration, and therefore fraudulent as to debts created before its execution, if the answer denies want of consideration, the burden is upon the plaintiff to show that there was no consideration for the execution of the deed.

JAS. MONTGOMERY for appellant.

J. C. BRAHAM, BROWN & NUCKOLS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This record is here on an appeal granted by the clerk of this court from a judgment of the Grayson Circuit Court entered at its April term, 1910. The appeal was granted by the clerk of this court on April 20, 1911, and on October 12, 1911, the appellant filed in the clerk's office of the Grayson Circuit Court without notice the following schedule:

"The clerk of the Grayson Circuit Court will copy

the following transcript for the appeal of C. M. White's Admx. v. J. W. White, et al. The petition and the amended petition filed January 14, 1903, in suit No. 2434, and the order filing the amended petition; the answer of J. W. White filed January 7, 1903; other orders filing same; the order taking answer controverted made January 8, 1903; the judgment for the debts of Maggie Heller, et al., order book 4, page 571; the amended petition as to L. D. J. Willis; also this schedule and notice of filing same."

It will be observed that this schedule does not call for a complete record, or direct the clerk to copy the entire record, but specifies the particular parts of the record that he shall copy. In other words, it is a schedule for a partial record.

Under section 737 of the Civil Code, when an appeal is prayed and granted in the lower court:

"The appellant, within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court a schedule, showing, concisely, what parts of the record he wishes to have copied. His failure to file said schedule within the time prescribed shall be cause for the dismissal of his appeal."

If the appeal is granted by the clerk of this court, and the appellant chooses to file only a partial record:

"He shall file in the office of the clerk of the inferior court a schedule similar to that above described; and shall cause notice of the filing thereof to be served on the appellees, and to be returned to said office, as a summons is directed to be served and returned."

So that, when a party desires to prosecute an appeal to this court on a partial record, he must file his schedule within ninety days from the time the appeal is granted if it be granted by the lower court; and this schedule he may file without notice. But if the appeal is granted by the clerk of this court, notice of the filing of the schedule for a partial record must be given as provided in subsection 7 of section 737 of the Civil Code, and, if this notice is not given, it will be ground for the dismissal of the appeal. Clevinger v. Nunnelly, 140 Ky., 592.

Counsel for appellant, however, insist that under rule 27 of this court, we will presume that the record is complete. This rule reads:

"Hereafter this court will conclusively presume,

after submission, that records brought up to this court on schedule filed in the clerk's office of the inferior court, as prescribed by section 737 of the Code of Practice, is the complete record, and that all parties interested have consented to try the appeal on such record. Before submission the court will, in its discretion, allow a transcript of other parts of the record to be filed when deemed necessary in furtherance of justice.''

But this rule does not help appellant for the reason that we will only presume that the record is complete when it is brought here on a schedule filed as prescribed by section 737 of the Code. In other words, the presumption that a partial record is complete only obtains when it is brought here on a schedule filed within ninety days from the time the appeal is granted, if it is granted in the lower court, and when notice of the filing of the schedule has been given if the appeal is granted in this court. When the entire record is brought here, no schedule is necessary. Grubbs v. Fish, 97 S. W., 358.

But, passing this question of practice that clearly authorizes the dismissal of the appeal, the judgment of the lower court was correct on the record. The suit was brought by the appellant to set aside a deed made by C. M. White to J. W. White, upon the ground that it was without consideration and, therefore, fraudulent as to debts created before its execution. The deed sought to be set aside is not in the record. The answer of J. W. White denied ''that while C. M. White was on his death-bed or at any other time this defendant, his father, and others, or any one, by fraud, covin, over-reaching or otherwise, procured him without consideration to make a deed to said J. W. White.'' * * * As the execution of the deed without consideration was denied, the burden was upon the plaintiff, now appellant, to show that there was no consideration for its execution, and, there is no evidence whatever in the record.

Wherefore, the judgment is affirmed.