## Girty v. Girty's Administrator, et al.

(Decided May 31, 1918.)

### Appeal from Campbell Circuit Court.

1. Executors and Administrators—Claims Against the Estate—Agreement to Make Will.—Where a daughter renders services to her mother in consideration of the latter's promise to devise her

daughter all the property she had and the mother complies with the agreement, the daughter is not entitled to recover the reasonable value of her services on the ground that at the time the agreement was made she did not know that her mother had outstanding debts that would consume her estate, since where such a contract has been executed by the parties, the courts are not at liberty to disregard the contract and authorize the jury to make another contract because the former did not prove as profitable as one of the parties expected.

2.  Executors and Administrators—Counsel Fees.—The services of an attorney for an administrator examined and held that his fee should have been fixed at $150.00 instead of $250.00, which was unreasonable.

3.  Executors and Administrators—Settlement Suit by Creditor—Counsel Fees.—Where a creditor of an estate, who had recovered judgment against the administrator, brought suit to settle the estate, but the real purpose of the suit was to collect his judgment, and the services rendered by his attorneys were alone for his benefit and not for the benefit of the estate as such, his attorneys were not entitled to a fee payable out of the estate.

A. M. CALDWELL and HORACE W. ROOT for appellant.

C. W. YUNGBLUTT for appellee, Jennie Jenkins.

JOHN T. HODGE for other appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming in part and reversing in part.

In the month of December, 1914, Martha J. Girty, a resident of Campbell county, died leaving a will by which she bequeathed to her sons, Louis Girty and George Girty, and her daughter, Katherine Hewling, $5.00 each, and to her daughter, Jennie Jenkins, the remainder of her estate, after payment of her debts. The nominated executor died before the testatrix, and Thomas M. Lett was appointed and qualified as administrator with the will annexed. Thereafter the administrator brought this suit against Louis Girty to recover the sum of $160.00 with interest at 3 per cent from Sept. 20, 1901, subject to a credit of $5.00 as of August 22nd, 1902, and $5.00 as of Nov. 22, 1906. Louis Girty interposed a counter-claim of $1,625.00 with interest from Dec. 20, 1914, and recovered a judgment for that amount, subject to the aforesaid indebtedness to the estate. Thereafter Louis Girty brought this suit against the administrator, Jennie Jenkins, George Girty and Katherine Hewling for a settlement of the estate. In this action Jennie Jenkins filed her answer and cross-petition whereby she sought

judgment against the administrator for the sum of
$8,000.00 for services rendered in nursing ·and taking
care of the testatrix during· the last years of her life.
The instructions· ·to the jury authorized a finding of
$5,702.00 in favor of Mrs. Jenkins, and the jury fixed the
value of her services at $4,400.00, and judgment was ren-
dered accordingly.  Mrs. Jenkins offered to ·remit $702.00
of this amount.  After reference to the commissioner
an allowance of $250.00 was made to the attorney for
the administrator.  No allowance was made to the attor-
ney for Louis Girty.  On final hearing the costs and fees
allowed were directed to be paid and the balance of the
fund in the hands of the administrator was ordered pro-·
rated between Louis Girty and Mrs. Jenkins.  Louis
Girty appeals.

When Martha J. Girty was about 82 years of age she
moved to the home of Mrs. Jenkins.  She said to Mrs.
Jenkins, ''Jennie, take good care of me, and when I die
I will give you all that I have got.''  To this arrange-
ment Mrs. Jenkins assented.  The testatrix continued
to live at the home of ·Mrs. Jenkins until her death, ten
or eleven years later, at the age of 92.· During that time
Mrs. Jenkins continued to take care of her mother, and
during the last few years of her mother's life she was
.compelled to change her mother's clothes and bed cloth-
ing very frequently because of her mother's inability
to control her kidneys and bowels.  At the time Mrs.
Jenkins made the contract to take care of her mother, she
knew that her mother had on deposit something over
$2,000.00, and did not know that Louis Girty had any
claim against his mother until after her death.  The in-
structions authorized a recovery by Mrs. Jenkins if the
jury believed from the evidence that the labor and serv-
ices performed by her for her mother were rendered by
her with the intention and expectation on her part and
the expectation and agreement on the part of Martha
Girty, that she should be paid therefor.  By another in-
struction the jury were told that if they believed from
the evidence that Jennie Jenkins agreed to accept in full
settlement of the services and articles provided, if any,
the provision made by Martha Girty in her will, they
.should find for the administrator, unless they further
found that at the time such agreement, if any, was made,
Jennie Jenkins was not aware that the debts of Martha

Girty would be larger than or equal to her assets, and in ignorance of this fact and believeing that such fact did not exist made such agreement, in which event they should not find for the administrator under that instruction. In support of this instruction it is argued that the agreement between the testatrix and Mrs. Jenkins contemplated that Mrs. Jenkins should receive a reasonable compensation for her services, and was entered into in the belief that the testatrix had no debts and that her estate of over $2,000.00 would be sufficient compensation. Hence it is insisted that as the estate was practically consumed by debts, Mrs. Jenkins, as a creditor, was entitled to recover of the estate a reasonable compensation for her services. In considering this question it must be borne in mind that the relationship between the testatrix and Mrs. Jenkins was that of mother and daughter. When the testatrix moved into her daughter's home she did so with the express understanding that if her daughter took good care of her, she would leave her daughter all she had. This contract the testatrix kept to the letter. The testatrix was then 82 years of age. Had she died in the next few days, Mrs. Jenkins would have been overpaid. The longer she lived the less Mrs. Jenkins would receive for her services. Thus the contract was in a sense a chancing bargain, its value depending on the length of time testatrix lived and on the amount of the estate devised. Whether the contract proved to be profitable or not was a chance which Mrs. Jenkins necessarily took. Where such a contract has been executed by the parties, the courts are not at liberty to disregard the contract and authorize the jury to make another contract for the parties because the former did not prove as profitable as one of the parties expected. Instead of authorizing a finding in favor of Mrs. Jenkins, the trial court should have peremptorily instructed the jury to find in favor of the administrator.

The next question concerns the propriety of the allowance of $250.00 made to the attorney for the administrator. It appears that the attorney resisted both in the county court and the circuit court, a motion to remove the administrator. He also brought the suit against Louis Girty for $160.00, in which Girty succeeded in recovering a judgment on his counter-claim. While he filed an answer for the administrator in this action, he

did not contest Mrs. Jenkins' claim, but left that matter to be fought out by the attorneys for Louis Girty and the attorneys for Mrs. Jenkins. Under these circumstances we conclude that a fee of $250.00 was unreasonable and that the fee should have been fixed at $150.00.

Complaint is also made of the refusal of the chancellor to allow the attorneys for Louis Girty a fee payable out of the estate. Before bringing the settlement suit, Louis Girty had recovered a judgment against the administrator. The real purpose of the settlement suit was to collect this claim. While it is true that he contested the claim of Mrs. Jenkins and has succeeded in defeating that claim, the services thus rendered by his attorneys were alone for his benefit and not for the benefit of the estate as such. Under these circumstances we conclude that his attorneys were not entitled to a fee payable out of the estate. Daugherty v. Cummins, 50 S. W. 551, 20 Ky. Law Rep. 1948; Hall v. Metcalfe, 114 Ky. 886, 72 S. W. 18.

Wherefore the judgment refusing Louis Girty's attorneys a fee payable out of the estate is affirmed, and the judgment in favor of Jennie Jenkins and John T. Hodge is reversed for proceedings consistent with this opinion.