## Ward, et al. v. Vanhoose, et al.

(Decided November 29, 1927.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error.—Where appeal was granted by clerk of Court of Appeals and schedule was not filed as provided by Civil Code of Practice, section 737, it must be presumed that the other parts of record which were not copied sustain judgment of circuit court.

2. Appeal and Error.—Where appeal is granted by clerk of Court of Appeals, an appellant who desires only partial record must file in office of clerk of circuit court schedule such as is described in Civil Code of Practice, section 737, and cause notice of filing thereof to be served on appellees, and notice, when executed as summons, must be returned to office of clerk and with schedule must be copied in record on appeal.

3. Appeal and Error.—Where appeal is granted by circuit court, schedule must be filed in 90 days after appeal was granted, and then no notice is required to appellees.

4. Appeal and Error.—Where appellants filed schedule and appeal was granted by circuit court, but transcript not being filed 20 days before second term of Court of Appeals after appeal was granted, appellants had appeal granted by clerk of Court of Appeals and thus abandoned appeal granted by circuit court, in order to prosecute appeal granted by clerk of court on an incomplete transcript it was incumbent on appellants to comply with Civil Code of Practice, section 737, subsection 5.

5. Judicial Sales.—Commissioner is not required to post notices of sale in judicial sales upon the property unless so ordered by court, since Ky. Stats., section 1682, does not apply to judicial sales.

6. Judicial Sales.—Where commissioner was directed by court to sell whole tract of land under judicial sale, he was without authority to sell part of land.

7.  Appeal and Error.—On appeal from judgment confirming judicial
    sale, original judgment, not having been appealed from and plead-
    ings and proof not being in record, must be presumed to be cor-
    rect.

W.. J. WARD for appellants.

BEN VAUGHAN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On January 20, 1925, a judgment was entered in the Johnson circuit court in the case of Fred C. Vanhoose and J. B. Preston v. W. J. Ward and George Dove, by which the plaintiffs recovered of George Dove the sum of $100, with interest and costs, and were adjudged a lien on lot No. 12 of block No. 3, in the South Bridgeford addition to the town of Paintsville, and a sale of the property was ordered to make the debt. The sale was made on April 6, 1925. Shade Ward was the purchaser at the price of $310. He duly executed bond, but he and W. J. Ward each filed exceptions to the sale. The exceptions were overruled, and the sale was confirmed on July 28, 1926; they appeal.

The appeal is prosecuted on an incomplete record, and it is insisted for appellees that it must be presumed that the judgment is correct. First State Bank v. Richardson, 167 Ky. 771, 181 S. W. 611.

The appeal was granted by the clerk of this court on February 28, 1927. The clerk certifies that the transcript is a true and correct copy of so much of the record as is called for by the schedule, excepting a deed mentioned in the schedule, which is no part of the record. This certificate is dated October 3, 1926. On the previous page of the transcript the clerk copies a schedule directing certain parts of the record to be copied. But there is nothing to show when this paper was filed or that it was filed at all, and there is no notice of any kind in the record. Rule 14, as printed in the docket of this court, is in these words:

"The court will conclusively presume, after submission, that a record brought up to this court on schedule filed in the clerk's office of the inferior court, as prescribed by section 737 of the Code of Practice, is the complete record, and that all parties interested have consented to try the appeal on such

record. Before submission the court will, in its discretion, allow a transcript of other parts of the record to be filed when deemed necessary in futherance of justice.''

. Section 737 of the Code provides as follows as to appeals granted by the clerk of the court:

"If the appellant, to whom an appeal is granted by the clerk of the Court of Appeals, choose to file a transcript of a part only of the record, he shall file in the office of the clerk of the inferior court . . . a schedule similar to that above described; and shall cause notice of the filing thereof to be served on the appellees, and to be returned to said office, as a summons is directed to be served and returned.''

Where an appeal is granted by the circuit court, the schedule must be filed in 90 days after the granting of the appeal. The purpose of giving notice to the appellee where the appeal is granted by the clerk of this court is to give him an opportunity to order copied such other parts of the record as he may think necessary to a proper understanding of the case in this court. The schedule in such a case is not filed as provided in section 737 of the Code unless it is filed after the appeal is granted and notice of its filing is given to the opposite party as provided by the statute. The schedule herein not having been filed as provided by the statute, it must be presumed that the other parts of the record, which are not copied, sustain the judgment of the circuit court.

"It is a well-established rule of this court that where portions of the pleadings or evidence bearing upon the questions to be determined by the appeal have been omitted from the record, we must presume that the omitted parts of the record support the judgment." Clark v. Burchett, 204 Ky. 155, 263 S. W. 746.

Where the appeal is granted by the clerk of this court, the rule is this:

"Where an appellant desires only a partial record he must file in the office of the clerk of the circuit court a schedule such as is described in section 737 of the Civil Code and cause notice of the

filing thereof to be served on appellees, and this notice, when executed as a summons, must be returned to the office of the clerk and this notice and schedule must be copied in the record on appeal here so that this court may know whether the appeal has been regularly prosecuted. Sebree v. Henderson, 205 Ky. 525, 266 S. W. 53.

Where the appeal is granted by the circuit court, the schedule must be filed in 90 days after the appeal was granted, and then no notice is required.

"He may file a partial transcript in this court, or the entire record, within the time prescribed by section 738 (Civ. Code Prac.) with this exception. He will not be allowed to file a partial record unless he has filed his schedule within 90 days after praying his appeal in the court below. The filing of the schedule with the clerk shall be sufficient notice to the appellee. It is as easy for the appellee to ascertain whether a partial record is desired by the appellant, by applying to the clerk, as it is to ascertain whether a complete record has been filed in this court." L. & N. R. R. Co. v. Brice, 83 Ky. 213.

The schedule was apparently filed on the appeal granted by the circuit court, but the transcript not being filed 20 days before the second term of this court after the appeal was granted by the circuit court, appellants had an appeal granted by the clerk of this court. As they could not have two appeals pending at the same time, this was an abandonment of the appeal granted by the circuit court, and, to prosecute the appeal granted by the clerk of this court on an incomplete transcript, it was incumbent on them to comply with subsection 5 of section 737 of the Code. This they failed to do. None of the pleadings, exhibits, or proof in the action is embraced in the transcript. Exceptions were filed to the sale on these grounds:

1. George Dove died after the judgment and before the sale. But there is nothing in the record to show that George Dove had any interest in the land, or that any right of the appellants was prejudiced by this in any way.

2. The commissioner failed to post notices of the sale upon the property. This is not required in judicial sales unless so ordered by the court. While the affidavits show

that the affiants did not see any advertisement in the vicinity of the land, they do not show that they made any investigation or state any facts sufficient to overcome the proof that the officer did his duty. Section 1682, Ky. Stats., only applies to sales under exception, and not to judicial sales.

3. The commissioner refused to offer for sale a part of the land, although Shade Ward offered to bid the amount of the plaintiff's debt for a part of the land. But the commissioner was directed by the court to sell the whole tract of land; he was without authority to sell a part of the land, and, if there was any error in this, the error was in the original judgment which must be presumed to be correct as no appeal has been taken from it, and the pleadings and proof are not in the record. In fact, when Shade Ward pays the plaintiff's debt, so far as appears now, he may have the remainder of the sale bond canceled, and when this is done he will be just where he would have been if the commissioner had only sold a part of the land and he had bid it in. He was in possession of the land under his prior purchase. No substantial right of his will be affected by the form of the sale if the balance of the sale bond is canceled after the plaintiff's debt is paid.

Judgment affirmed.