## Jesse v. Haney.
(Decided Dec 2, 1938.)

THOMAS D. THEOBOLD, JR. for appellant.

H. R. WILHOIT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

There was an action pending in the Carter circuit court, styled "Eliza Jane Mullins v. R. G. Patton et al." As to who were the other defendants in that action, embraced by the abbreviations "et al.", the record does not disclose, nor are we informed by it the exact nature of that action, and the rights of all parties involved therein are presented to us in a more or less hazy fashion. However, it does appear that R. G. Patton, and the deceased husband of Mrs. Mullins, jointly

owned, either in its entirety or partly, a tract of land in Carter County near Olive Hill containing 10½ acres. In the action referred to Mrs. Mullins sought to recover her dowable interest in the portion of the small tract that her husband owned at the time of his death. She was adjudged the right to do so, but the judgment, brought here in this record, does not show the extent of the interest owned in that tract by her husband. It, however, did fix the present value of her dowable interest in whatever part he owned at $106.66, and the judgment recited ''for which she is hereby granted against defendants, R. G. Patton, C. F. Greenhill and Charles Johnson and may have execution therefor.'' The judgment then continues to say: ''If, however, said amount is not paid within a reasonable time, the master commissioner of this court is hereby ordered and directed to sell one-half interest in the land described in the petition or so much thereof as may be necessary to pay said dower, in the manner and form with reference to advertising and other requirements and report his acts and doings hereunder in writing, he will not however, advertise any such sale until requested so to do by the plaintiff, and this cause is now continued.''

Pursuant thereto the master commissioner of the court advertised in the manner he saw proper (for the judgment did not direct the manner) a sale of the one-half interest in the small tract of land, but he received no bidders therefor and so reported to the court. Later he re-advertised the sale in the manner he had done at the prior futile one and at which appellee, Lottie Haney, became the purchaser at the price of $230—the sold interest having been appraised at the sum of $250. A report of the sale was filed by the commissioner; but before it was confirmed the appellant, Ethel Jesse—claiming that she was a daughter of the defendant, Patton—filed exceptions thereto, in which she stated (a) her heirship and that no revivor had been made in the name of the representatives of her father, nor had it been done as to the representatives of the plaintiff, Mrs. Mullins, both of whom died before the sale; (b) that the judgment ordering the sale did not sufficiently describe the property to be sold; (c) that the master commissioner had not properly advertised it; (d) that an execution had been issued on the judgment rendered in favor of the plaintiff, Mrs. Mullins, and that it had been replevied before the sale, which had the effect to merge

the judgment and to relieve the land of its payment for which the sale was ordered. She furthermore alleged in her exceptions that she was the entire owner of all of her father's interest in the tract of 10½ acres, and that she was not a party to the action in which the judgment was rendered by revivor or otherwise, and (e) that the appraisement and consequent bid were each grossly inadequate in that the one-half interest in the tract of land ordered to be sold was worth as much as $1250—thereby making the appraisement $1000 less than its true value and the accepted bid made by appellee, the purchaser, $1020 less than its true value. A trial of the exceptions was had, at which evidence was heard, and the court overruled the exceptions and confirmed the sale, and this is an appeal by appellant from that order. The appeal was granted by this court and appellant thereafter filed with the clerk of the court below a schedule directing him to copy all of the record in the cause *beginning with* and *following* the entry of the original judgment and order of sale, but no notice was given to appellee of the filing of that schedule. The clerk copied the record as directed therein; hence our statement at the beginning of this opinion that we are totally uninformed as to the nature of the action, except to the extent indicated.

Two motions have been made in this court, and which were passed to the merits. They are: (1) To strike the bill of evidence containing the testimony heard upon the trial of the exceptions because not filed in time, and (2) to dismiss the appeal because no notice was given appellee of the filing of the schedule for a *partial* record. Both motions are meritorious and will have to be sustained. The only entry made on the order book of the court, within the time allowed by law for the purpose, relating to the evidence heard at the trial of the exceptions, is a statement in the judgment overruling them (and from which this appeal is prosecuted) saying: "Evidence heard before the court is hereby made a part of the record and treated as a bill of exceptions." That judgment was rendered on June 15, 1935, but no completed and duly certified bill of evidence was then filed or offered to be filed, and no time was granted at that term of the court within which it might be done at a succeeding term of the court—the fact being that at that time the stenographer who took notes of the evidence heard at the trial of the excep-

tions had not even transcribed the testimony—much less certified to it as being correct. She, however, did transcribe and certify to it on September 1, 1935, but it was not approved by the presiding judge until May 22, 1936, although it was filed with the clerk of the court on January 7, 1936; but the record brought here contains no order to that effect, even if it had been made in time.

The rule is firmly and unequivocally established in this jurisdiction that bills of exception and bills of evidence must be prepared and filed within the time allowed by the Civil Code of Practice, section 334, for that purpose, which is during the term of court at which the trial was had, or on or before a day in the next succeeding term, pursuant to an order made by the court for that purpose. That rule applies to evidence heard before the court in the trial of equity cases, and issues arising therein, the same as in ordinary actions. See Dupoyster et al. v. Ft. Jefferson Improvement Company's Receiver. 121 Ky. 518, 89 S. W. 509. It has continuously been followed in many cases brought to this court both before and following the rendition of that opinion, some of the latest of which are, Clover Farm Dairy Company of Memphis, Tennessee, v. Gillum, 222 Ky. 20, 299 S. W. 1065; South v. Truesdale, 233 Ky. 682, 26 S. W. (2d) 519; Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331; Hembree v. Asher Coal Mining Co., 262 Ky. 698, 91 S. W. (2d) 66, and Rockcastle County v. Bowman, 274 Ky. 787, 120 S. W. (2d) 385, and there are none to the contrary.

With the bill of evidence stricken there remains nothing to be considered but the pleadings. But the only one in this case is the *exceptions* filed by appellant to the commissioner's reports of sale. It is claimed on behalf of appellant that there was no denial thereof, and that the facts stated therein stand admitted. Counsel is clearly in error in making that contention, since we held directly to the contrary in the cases of Graves' Committee v. Lyons, 166 Ky. 446, 179 S. W. 413, and Will v. City of Louisville, 176 Ky. 450, 195 S. W. 822. Those cases hold that exceptions to a report of sale by a court commissioner must be proven by the exceptor, although not controverted. Nowhere in the record brought before us does it appear that appellant, the exceptor to the sale, has *any interest whatever* in the subject matter of the litigation so as to manifest her right to except to the sale upon *any ground whatever*. The

only place in the record before us attempting to manifest her interest—so as to entitle her to file exceptions to the sale—appears in the exceptions she filed. The burden was upon her to establish the facts therein alleged, which she did in testimony heard at the trial of the exceptions. But that testimony has not been brought to us in a manner entitling us to consider it, and for which reason the record is barren of any proof on the *crucial* issue of appellant's right to object to the sale.

Motion (2), as above indicated, will have to be sustained also. The firmly settled rule is, that when an appeal is granted by this court and the appellant files a partial schedule, notice of the filing of it must be given to the appellee within the time prescribed by the Civil Code of Practice, and if not done, the appeal will be dismissed by this court on motion made therefor, unless the court can "see for itself" that the omitted portions of the record could not possibly have any bearing upon the issues involved in the attempted appeal. The record before us does not enable us to see for ourselves that such omitted part of the record—which is all of it prior to the rendition of the judgment of sale—would not have any bearing upon the issues submitted. On the contrary, it appears that the omitted parts of the record—not brought here under the partial schedule—should be considered and reviewed in order to determine the issues raised by the exceptions, but which were attempted to be sustained by the testimony heard at the trial of the exceptions. Since, however, we may not consult that testimony—for the reasons stated—the record again becomes blank on matters necessary to be considered in determining the propriety or impropriety of the judgment appealed from. See the cases of Ward v. Vanhoose, 222 Ky. 135, 300 S. W. 337; Clevinger v. Nunnery, 140 Ky. 592, 131 S. W. 519; Sailsberry v. Sailsberry, 140 Ky. 731, 131 S. W. 802; White's Adm'x v. White, 148 Ky. 492, 146 S. W. 1101; Reiss v. Wintersmith, 241 Ky. 470, 44 S. W. (2d) 609, and Strother v. McClave, 264 Ky. 121, 94 S. W. (2d) 310.

In the condition of the record, as so outlined, there would be no alternative course but to affirm the judgment, provided notice had been given by appellant to the appellee of the filing of the partial schedule. But, since no notice was given thereof the only disposition that can be made of the appeal, under the cases cited, is to dismiss it, which is accordingly done.