## Smith et al. v. First Nat. Bank of Williamson.

Sept. 30, 1941.

610

Stratton & Stephenson for appellant.

Henry J. Scott for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

We sustain motions of Layton Smith and J. M. Morris for appeals from an order charging them with part of a fee allowed attorneys for the appellee. The amounts involved are $228.43 and $224.06, respectively.

The appellants filed a schedule calling for certain portions of the record according to the terms of Section 737 of the Civil Code. Where that is the case and there is no further direction by the appellees to prepare additional parts of the record, it is deemed the parties have consented to the appeal being tried upon the record as thus prepared. It is different when the record purports to be complete, for then it is conclusively presumed that the missing portions support the judgment. Rule III, Par. 14; Clevinger v. Nunnery, 140 Ky. 592, 131 S. W. 519; White's Adm'x v. White, 148 Ky. 492, 146 S. W. 1101; Ward v. Vanhoose, 222 Ky. 135, 300 S. W. 337.

The petition of the appellee, First National Bank of Williamson, is against the widow and heirs of Ken Smith and the administrator of his estate. It sets forth five different notes executed to it by Smith, four of which were secured by mortgages on land and the other unsecured. It is alleged that so far as plaintiff knows the only other creditors of the decedent are the defendants, Layton Smith, one of his sons, and Gladys Smith, the wife of another son, whose debts are secured by mortgages on certain land. They are called upon to assert their liens. It is further charged that the decedent had fraudulently conveyed certain property to two of his sons. The prayer of the petition is for judgment on the respective notes, the adjudication of liens on spe-

cific parcels of land and for a sale of so much as may be necessary to satisfy plaintiff's claims. Also, that the alleged fraudulent conveyances be declared void and that the plaintiff have judgment for its debt, costs and all proper relief. There was no prayer for a settlement of the estate or anything incident thereto. The clerk of the court entered an order in vacation reciting that "It appearing that the above styled action is for the purpose of settling the estate of Ken Smith, deceased," the case was referred to the Master Commissioner to advertise for claims, receive the same and proof thereof, and to determine the decedent's assets and liabilities. Section 431, Civil Code. Some months later an amended petition was filed alleging that certain land on which plaintiff held a mortgage had been fraudulently conveyed to Layton Smith and praying that it be set aside. There is nothing in the judgment concerning these allegations of fraudulent conveyances.

In November, 1938, the Master Commissioner filed a report in which he set forth the amount of the several notes owing the plaintiff and some other obligations of the decedent, including a note for $1,100 due J. M. Morris, and of $1,072 to Layton Smith. All personal property had been set aside to the widow and children. Judgment was entered for the several debts and a sale of the real estate directed to be made, after allowing the widow dower in certain land which was unencumbered. A separate order entered on the same day sustained a motion of the plaintiff for the allowance of an attorneys' fee of $500, "same to be taxed as part of the cost in this action." In due time the Commissioner reported the sale of the property and that Morris had bought the land on which he had a mortgage and Layton Smith had bought the parcel on which he had a mortgage, and also an unencumbered parcel for $2,000, for all of which bonds were taken. Later Morris and Smith filed motions to require a re-taxation of the costs for the reasons set forth.

It appears that $1,686.96 of the proceeds of the bonds given for the unencumbered property, and perhaps some on which plaintiff had a lien, had been paid to satisfy delinquent taxes and there was not sufficient money with which to pay all the court costs, including the $500 attorneys' fee. The deficiency was directed to be paid by Morris and Smith. A response filed by the

plaintiff to their motions for re-taxation of the costs relied on the ground that their attorneys were present when the fee had been allowed and raised no objection. Also that the two defendants had conferred freely with the plaintiff's attorneys about the case and their claims. The court found there was a deficiency of $728.34 and divided it among the plaintiff and the two appellants, their shares being as above stated. Appellants argue that to charge them with those sums would be to require them as purchasers to pay more for the land they bought than they bid for it. The assessment of the portion of the court costs against them was because they had recovered judgments for their debts. And though they had bought in the land upon which they held mortgages for specific sums, said to have been equal to their debts, interest and costs, it was not as purchasers but as litigants that they were called upon to bear a portion of the deficit in the costs, the same not being collectible from the decedent's estate.

The appellee relies upon the statute and the line of cases approving the allowance of attorneys' fees for parties securing a settlement of a decedent's estate. The record before us shows that the petition did not seek a settlement of the estate and was confined to the recovery of plaintiff's debt and the setting aside of certain alleged fraudulent conveyances. Clearly, plaintiff was not entitled to have its attorneys' fee taxed as cost against other litigants who had claims against the same estate. Nor are appellants estopped from denying the charge because their attorneys made no objection when the fee was ordered taxed as costs. They were not hurt until it developed there was a deficiency and they were charged as litigants with part of it.

If we regard the case as being for the settlement of the estate, as it seems to have been practiced, the record shows that the appellants were represented by counsel at least when the judgment was rendered. The case, therefore, comes within those which hold that where the suit is primarily to collect a debt of the plaintiff and does not redound to the benefit of the estate or other parties litigant, it is not proper to compel them to contribute to the payment of plaintiff's attorneys fee; especially when other parties had their own lawyers. Section 489, Statutes; Dougherty v. Cummings' Adm'r, Ky., 50 S. W. 551; Hall v. Metcalfe, 114 Ky. 886, 72 S.

W. 18; Girty v. Girty's Adm'r, 180 Ky. 786, 203 S. W. 730; Whitehead v. Fulton, 187 Ky. 717, 220 S. W. 531; Lay v. Lay, 201 Ky. 93, 255 S. W. 1054; Gernert v. Liberty National Bank & Trust Company, 284 Ky. 575, 145 S. W. (2d) 522.

The judgment is reversed.