# Salyers v. Moran et al.

Jan. 14, 1944.

Ward & Ward for appellant.

Craft & Stanfill and W. E. Faulkner for appellees J. J. Moran and others.

Woodward, Dawson & Hobson and Craft & Stanfill for appellees C. V. Cooper and Bankers Bonding Co.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellant, K. N. Salyers, instituted this action to enjoin the Mayor, the City Commissioners of Hazard, C. V. Cooper and the Bankers Bonding Company from carrying out a contract wherein Cooper and the company agreed with the city to refund certain of the latter's bonds for a commission of 4%. From a judgment refusing the injunction, Salyers appeals.

The city had outstanding $75,000 water bonds, $50,000 sewer bonds and $15,000 city hall bonds, all bearing 6% interest and all maturing on Jan. 1, 1942. In addition thereto it had issued $50,000 water bonds maturing Dec. 1, 1943, $15,000 fire department bonds maturing Dec. 1, 1944, and $15,000 water dam bonds maturing Dec. 1, 1946, all of which bear 6% interest.

In the various sinking funds of the city there was approximately $23,000 and as its income was insufficient to meet the $117,000 balance due on the bonds maturing Jan. 1, 1942, the city on March 3, 1941, made a contract with Cooper and the Bankers Bonding Company whereby it was agreed that in consideration of a commission of 5% the latter would contact the holders of the $140,-000 bonds maturing Jan. 1, 1942, and issue them in lieu thereof on May 1, 1941, bonds of like amount bearing 4% interest from date. These refunding bonds mature over a period of 15 years and are subject to call at certain intervals at varying premiums. The financing agents further agreed to bear all expenses connected with issuing the new bonds out of their 5% commission; also, they were to submit a schedule to the city to refinance the $80,000 bonds maturing in 1943, 1944 and 1946.

On or about June 12, 1941, Salyers filed his petition in equity attacking the contract between the city and the refinancing agents on two grounds: (1) That the bonds to take up those maturing Jan. 1, 1942, were to be issued on May 1, 1941, and to bear interest from the date of issual, which would amount to a duplication of interest during the seven months' interim from May

1 to Jan. 1, which would have to be borne by the taxpayers; (2) that the city could refinance the bonds for a less commission than the 5% it agreed to pay.

The answer traversed the material allegations of the petition and then pleaded affirmatively that the contract did not provide for the refinancing of any bonds before maturity unless they were voluntarily surrendered and there would be no duplication of interest. An amended answer was tendered on Dec. 2, 1941, and was filed the following Dec. 6, in which it was averred that the city and its refinancing agents entered into a second contract on Dec. 1, 1941, wherein it was provided that none of the new bonds were to be dated or were to bear interest prior to Jan. 1, 1942, the date the original bonds matured, and there would be no duplication of interest. Also, this new contract reduced the commission from 5% to 4%. An amended petition was filed averring that the city could secure this refinancing for a commission of 1½% and it was acting corruptly in agreeing to pay 4%. Appropriate pleadings completed the issues.

The effect of the judgment was that there was no duplication of interest in the refinanced bonds and to approve the new issue. However, it reduced the refinancing agents' commission to 3% on the $75,000 refunding water bonds, but allowed them 4% commission an the two other issues which were refunded.

It is insisted that the judgment should be reversed because the court erred in permitting the amended answer to be filed after the alleged submission of the case and without allowing appellant time to produce proof on the issues raised by it. The further contention is made that the second contract contemplated that the refunding bonds would be sold before Jan. 1, 1942, and that the purchasers must pay par for them and accrued interest to Jan. 1, 1942. It is the contention of appellees that as appellant prayed his appeal in this court on a partial record and as he failed to file his schedule on notice as required by section 737, subsec. 7, of the Civil Code of Practice, his appeal should be dismissed. Appelles further argue that under neither the first nor the second contract was there a duplication of interest to be paid on the refunding bonds and that such bonds are valid.

As the judgment must be affirmed on merits, we will not consider the technical question raised by appel-

lees that the appeal should be dismissed on account of appellant's failure to comply with section 737, subsec. 7, of the Code.

Appellant argues that the chancellor permitted the amended answer to be filed after proof was heard orally by him and after the cause was submitted for judgment. However, the record does not sustain his position. No bill of exceptions was filed and the proof was not brought up and the record fails to disclose whether it was heard before or after the amended answer was filed. This amendment was filed on Dec. 6, 1941, and the order recites that the parties may agree upon a time to hear proof or the court will fix the time. The cause was submitted for judgment on July 9, 1942, and the judgment recites that proof was heard in open court. But nowhere in the record is shown the time when such proof was heard. It is true appellant's attorney filed his affidavit to the effect that the proof was heard before the amended answer was filed. However, we have many times written that what happens on a trial must be shown by a bill of exceptions and cannot be incorporated in the record by an affidavit. So far as can be determined from the record, the proof may have shown the facts to be as averred in the amended answer and it may have been filed to conform to the proof. The familiar rule is that when only a partial record is brought here on an appeal granted by this court and no schedule is filed as is provided by section 737, subsec. 7, of the Civil Code of Practice, it will be presumed that the omitted portion of the record supports the judgment. Ward v. Vanhoose, 222 Ky. 135, 300 S. W. 337; Smith v. First Nat'l Bank of Williamson, 287 Ky. 609, 154 S. W. (2d) 705.

Under section 134 of the Civil Code of Practice the trial court has a broad discretion in allowing amended pleadings to be filed to correct errors and omissions. Its action in so doing will not be interfered with here unless the ends of justice have been thwarted, or a party has been deprived of a fair trial, or the claim or defense has been substantially changed. Title Guaranty & Surety Co. v. Com., 141 Ky. 570, 133 S. W. 577; Perkins-Bowling Coal Corp. v. Maryland Casualty Co., 246 Ky. 493, 55 S. W. (2d) 378. Appellant is in no position to complain that the case was submitted for judgment after the amended answer was filed without an opportunity having been given him to take his proof, since the amendment was filed on Dec. 6, 1941, and the cause was not sub-

mitted until July 9, 1942. He had more than six months to take his proof which certainly was ample.

We need not consider the contract of date March 3, 1941, as the bonds were not financed under it but under the contract of Dec. 1, 1941. This latter contract provides that the new bonds were not to be issued nor to begin bearing interest until Jan. 1, 1942, the maturity date of the bonds they replaced. As the evidence heard orally by the chancellor is not before us, we must presume under the authority of the Ward case, 222 Ky. 135, 300 S. W. 337, and the Smith case, 287 Ky. 609, 154 S. W. (2d) 705, that this evidence supports the pleading setting up this second contract and shows there was no duplication of interest and that the refinancing bonds were issued on the day the old bonds matured, therefore the renewal bonds were not invalid under the opinion of Holt v. City of Covington, 286 Ky. 727, 151 S. W. (2d) 780.

The judgment is affirmed.