ELLA STAGG, complainant,

*v.*

KATHRYN F. McCANN, individually and as *administratrix ad prosequendum* of L. Lloyd McCann, and New York, Susquehanna and Western Railroad Company, a corporation, defendants.

[Decided October 3d, 1923.]

In a suit brought under the Death act by an *administratrix ad prosequendum* for damages for the death of her intestate, the damages, when recovered, should be distributed according to the statute of distributions of New Jersey, and one not entitled to share in such distribution of damages if recovered has no standing in equity to force the administratrix to amend her complaint in her action at law to show that such person is one of the next of kin of the decedent.

On motion to dismiss bill.

*Messrs. Kent & Kent,* for the complainant.

*Mr. Edward F. Merrey,* for Kathryn F. McCann, the defendant.

*Messrs. Collins & Corbin,* for the New York, Susquehanna and Western Railroad Company, defendant.

LEWIS, V. C.

On January 1st, 1922, L. Lloyd McCann was killed while riding in an automobile which was struck at the River street crossing, in Paterson, by a train of the New York, Susquehanna and Western Railroad Company. His wife, Kathryn F. McCann, who was riding with him at the time, was injured, but survived. She was appointed *administratrix ad prosequendum* of her deceased husband, pursuant to the statute (*P. L. 1917 p. 531*), and brought suit as such against the railroad company to recover damages under the "Death act."

In that suit she claimed that, as the widow, she alone is entitled to damages under the statute. The complainant in this bill, however, who is the mother of L. Lloyd McCann, the decedent, claims that she is also entitled to recover damages for his death, under the statute, and prays that the administratrix be decreed to amend the complaint in the suit at law, which was brought in the New Jersey supreme court, so as to show that she is one of the next of kin of the decedent; and restrain the parties to that suit from compromising or settling the controversy in disregard of the complainant's rights.

It appears that the administratrix refused to make the necessary amendment so as to include the mother of the decedent as a party plaintiff in the suit at law; and the mother, Ella Stagg, the present complainant, thereupon applied to Mr. Justice Minturn for an order directing such amendment. Mr. Justice Minturn, however, refused to grant the order, holding that the statute had been complied with by bringing the suit in the name of the personal representative; and that the respective rights of claimants on the estate must be settled upon the administration of the estate or upon a bill in equity, and not in that proceeding.

Thereupon the complainant filed the present bill. The defendant, the administratrix, moves to dismiss the bill for want of equity, and the defendant railroad company has answered, setting up that the widow alone is entitled to take the decedent's estate, upon which complainant has joined issue by appropriate replication.

At common law the maxim was *actio personalis moritur cum persona,* that is, a personal action died with the person.

In New Jersey the original Death act was passed in 1848. *P. L. 1848 p. 151.* This was practically a *replica* of Lord Campbell's act, which was enacted sometime previously in England. The "Death act" sought to remedy the common law situation by providing a right of recovery in the case of death by wrongful act; and gave a right of action through the personal representative of the deceased to the surviving widow and next of kin for the pecuniary loss sustained by them

through the death of their decedent. It has been amended from time to time since, but in substance remains as originally enacted, with but slight change in detail.

Among other things, the act provides (*P. L. 1917 p. 531*) that "the amount recovered in every such action shall be for the exclusive benefit of the widow, surviving husband, and next of kin of such deceased person, and shall be distributed to such widow, surviving husband, and next of kin, in proportion provided by law in relation to the distribution of personal property left by persons dying intestate * * * provided, that where such deceased person has left or shall leave him or her surviving a widow or husband, but no children, or descendant of any children, and no parents, the widow or surviving husband, as the case may be, shall be entitled to the whole of the damages which she or he shall sustain, and which shall be hereinafter recovered in any such action, and the same shall be paid to her or to him."

By the statute of distribution, in effect at the time of the death of the decedent, L. Lloyd McCann (*P. L. 1908 p. 644*), where a man died intestate leaving a widow and no children, the widow took all his personal property to the exclusion of his parents and next of kin.

Complainant in the present suit contends that because of the language of the "Death act" referred to, particularly the phrase "provided that where such deceased person has left or shall leave him or her surviving a widow or husband, but no children or descendant of any children, *and no parents,*" it was the intention of the legislature, even though it had in the same act provided that the fund resulting from an action under the statute should be divided in the manner prescribed by the statute of distribution, nevertheless intended that if there were parents and a widow left surviving by the death of the husband the parents should share in the distribution of that fund with the widow, notwithstanding the fact that under those circumstances the parents would not receive any part of the decedent's estate under the statute of distribution.

Based upon this construction of the act, the complainant, the mother of the decedent, L. Lloyd McCann, who, it appears

was the chief beneficiary of his pecuniary favor at the time of his death, claims the right to share in any fund that may be recovered in the action instituted by the administratrix under the "Death act." While I do not find that the question has been passed upon specifically in our state, nevertheless, the intimation of Chief-Justice Beasley in *Paulmier* v. *Erie Railroad Co., 34 N. J. Law 151* (at *pp. 156, 157*), is clear that the statute of distribution alone directs the method of distributing the fund resulting from the action brought by the administrator or executor under the "Death act."

There is no ambiguity in that statute. It provides that upon the death of a man leaving him surviving a widow and no children, the widow shall take the whole of his personal property. The parents do not share in his personal estate except when there is no widow or children.

I cannot think that the legislature meant anything different in the phraseology of the proviso of the "Death act" above quoted than is indicated clearly in the body of the act; and I think it is clear that it intended that the parents should share in the proceeds of such an action only when and to such extent as they would otherwise share in the decedent's estate directly under the provisions of the statute of distribution.

Under these circumstances my conclusion is that the mother of L. Lloyd McCann, the complainant in the present suit, is not entitled to share in the fund which may result from the action instituted in the New Jersey supreme court by the administratrix against the railroad company, and that if a fund results from such suit the widow, there being no children, would take the whole amount. I am not unmindful of the force of counsel's contention in favor of the natural equity of the parents—whose pecuniary support from the decedent is cut off by his death—to participate in the distribution of any fund recovered from the party held to be responsible therefor; but, however unsatisfactory in that respect the method of distribution provided by the statute may be, the remedy for such a situation, which is in clear derogation of the common law rule, should be provided by the legislature and

not by any unwarranted interpretation or construction of the existing legislative enactment.

But, however this may be, in the present posture of the case the bill, in my judgment, discloses no equity; and this defendant's motion to dismiss should prevail.

I will therefore advise a decree in accordance with these views.